## BIBB *vs.* JANNEY, Garnishee, &c.

[GARNISHMENT ; WAGES ; WAIVER OF EXEMPTION.]

1. *Waiver of exemption of wages from process of garnishment; presumption of.*—Where one draws a bill of exchange upon his employer, who only owes him for wages, the presumption is that, in that instance, he waives his right of exemption before acceptance.

2. *Garnishee; payment by when not a defense.*—If a garnishee, after service of garnishment, pay the defendant money, he cannot defend against the plaintiff on the ground that it was exempt as wages, when it is shown that the defendant had waived his right of exemption, though no notice of the waiver had been given to him.

APPEAL from City Court of Montgomery.

Tried before Hon. JOHN D. CUNNINGHAM.

THE plaintiff, W. J. Bibb, had, at the January term, 1869, of the city court of Montgomery, recovered a judgment for $305 75, against one John W. Martin ; and in this case, at the February term, 1870, of said court, sought a judgment against A. A. Janney, garnishee, as debtor of said John W. Martin.

22

The plaintiff introduced in evidence the written answer of said garnishee, filed February 19, 1869, in which there was a suggestion of the claim of one William Heaford to a due bill given by the garnishee to the defendant for wages due the latter to the date of said due bill, December 7, 1868; which claim was duly propounded by said Heaford, and sustained by verdict and judgment thereon. The said written answer further sets forth an indebtedness of $79 25, for wages due the defendant as a laborer and employee of the garnishee, from the date of said due bill, December 7, 1868, to the date of said written answer, February 19, 1869. The garnishee further answered orally, on the 25th of March, 1870, that the defendant was still in his employ as laborer, and had been from the date of his written answer, February 19, 1869, to the date of said oral answer; and that during that period, with the exception of Sundays and one week, the defendant had earned wages at the rate of four dollars per day.

The garnishee also testified that at the time the bill of exchange was drawn upon him by the defendant, upon which plaintiff had recovered said judgment, that he owed the defendant only for wages, and had never been indebted to the defendant for anything but wages as laborer and employee; and that since the service upon him of the writ of garnishment, and without being discharged as garnishee, he had paid defendant all that he owed him for wages except fifty dollars, which was still due, the defendant having claimed said wages of garnishee as being exempt from process of garnishment.

The plaintiff being introduced as a witness, was asked to state the circumstances attending the drawing of the bill of exchange, upon which he had recovered judgment against the defendant Martin, and upon what fund said bill was drawn. The garnishee objected to this question, and insisted that if it were allowed, he might introduce testimony to show that said bill was drawn without a consideration. The plaintiff stated, as the object of said question, that he expected to show that the fund' drawn upon in the bill by the defendant was the identical fund sought to be subjected by the present garnishment suit to the payment

of said bill ; and that he proposed to introduce this fact as tending to establish a *waiver* by the defendant of the exemption from process of garnishment of the fund drawn upon. The court allowed the question to be asked ; and in response thereto the plaintiff testified, that said bill was drawn by defendant on the garnishee, A. A. Janney, payable to one M. V. Raley, and by said Raley indorsed to plaintiff in defendant's presence ; that at the time said bill was so drawn and indorsed to plaintiff, defendant told plaintiff not to present the same to the drawee, and garnishee, A. A. Janney, immediately, as the said A. A. Janney did not at that time owe the defendant a sufficient sum to pay said bill.

The defendant, John W. Martin, as a witness for the garnishee, was asked whether, at the time he drew said bill, he owed the plaintiff or the payee thereof, M. V. Raley, anything ; and whether he had made any payment on said bill. The plaintiff objected to this question, as tending to impeach *collaterally* the plaintiff's judgment. The garnishee insisted upon the question, upon the ground that the answer thereto would tend to show that the defendant, in drawing said bill, had not thereby *waived* the statutory exemption of his wages. The court allowed the question, and the plaintiff excepted. In answer thereto, the defendant testified that he did not, at the time of the drawing of said bill, owe either the plaintiff or the payee of said bill anything ; and that at said time, and before the judgment in favor of plaintiff on said bill, he handed to the payee of said bill, M. V. Raley, two hundred dollars, which he saw said Raley pay over to plaintiff; and that he, the defendant, *considered* said two hundred dollars a payment on said bill. On cross examination, the defendant corroborated the testimony of the plaintiff as to the circumstances attending the drawing of said bill, and stated that said bill was drawn upon his wages due him from the garnishee, A. A. Janney, and that he claimed said wages of said Janney as being exempt from the process of garnishment.

The foregoing is the substance of the testimony, as set forth in the bill of exceptions.

The plaintiff, in addition to other charges which were

given by the court below, and excepted to by garnishee, and which are not necessary to be further noticed, asked the court below, in writing, to charge the jury, "that, if the garnishee made payment to the defendant of the amount he owed the defendant, after the service of the writ of garnishment, and without being discharged by the court, the making of said payment after the service of said writ was at the garnishee's risk ; and that the garnishee could not plead such payment." The court refused to give this charge, and the plaintiff excepted.

At the request of the garnishee, the court charged the jury, " that if the jury believe, from the evidence, that the only debt due from the garnishee is for wages of defendant as laborer in his employ, and that said defendant has notified said garnishee that he, the defendant, claims said wages as exempt from legal process under the statute, and the garnishee upon said notice of exemption from the defendant, has paid over said wages to the defendant, they must find for the garnishee to the extent of such payment, unless the proof shows that the defendant waived his statutory exemption of such wages, in favor of the plaintiff Bibb, and that *the garnishee was notified of such waiver* before payment of such wages to the defendant."

The plaintiff excepted to the ruling of the court in giving the above charge, and, on appeal to this court, assigned the same as error, together with the other rulings of the court excepted to by him, as above stated.

L. A. SHAVER, for appellant.—1. The court below erred in permitting the attorneys for the garnishee to ask the defendant the question, " whether, at the time of the drawing of the bill of exchange upon which the plaintiff had judgment, he, the defendant, owed the plaintiff or the payee of said bill anything." The fact of the indebtedness of the defendant to the plaintiff on said bill was *res judicata,* and could not be *collaterally* inquired into in a proceeding to subject funds in the hands of garnishee to the payment of said indebtedness. This question was not admissible to show that the defendant had not *waived* the statutory exemption of his wages from process of garnishment. The

question of indebted or not indebted, if it could be inquired into collaterally after judgment, had no bearing upon the question of *waiver*. The question of the plaintiff as to the circumstances attending the drawing, and upon what fund said bill of exchange was drawn, was necessary to show a *waiver* of the statutory exemption of the fund drawn upon from process of garnishment; and did not authorize the said question asked by the counsel for the garnishee and admitted by the court.

2. The court below erred in refusing the last charge asked by the plaintiff, to-wit: "If the garnishee made payment to the defendant of the amount he owed the defendant, after the service of the writ of garnishment, and without being discharged, the making of said payment after the service of said writ, and without being discharged by the court, was at his risk, and he could not set up such payment." After the service of a writ of garnishment, and until the discharge of the garnishee, the funds of the defendant in the hands of the garnishee are in *custodia legii*, and the garnishee becomes the mere agent of the court for the holding of the funds, until discharged by the court or ordered to pay over said funds to the plaintiff.— See Drake on Attachment, § 453, top of page. If, after the service of the writ of attachment, the garnishee make payment to the defendant in the main suit, this payment is at the garnishee's own risk, *and the fact of payment cannot affect the garnishee's liability in any manner.* The very meaning of the word "garnishment"—"warning"—shows that such is the law. · The fact that the defendant claimed his wages of garnishee, as being exempt under the statute from process of garnishment, does not protect the garnishee from liability, if it appear that the defendant had waived that exemption, and was estopped from pleading it.

3. The court below erred in giving the charge asked by the counsel for the garnishee. That charge goes too far in requiring that the garnishee shall have *notice* of the *waiver*. The garnishment—"warning"—is all the notice necessary. No further notice can be required by garnishee. If, after service of a writ of garnishment, he make payment, he does so at his own risk. The mere fact of pay-

ment by garnishee to defendant has no bearing upon the question of liability. The sole question for the jury in this case was, *has or has not the defendant waived the statutory exemption of his wages?*

4. A party entitled to a benefit by virtue of a law may, at his option, waive or part with that benefit. The statutes exempting certain property from levy and sale under execution, and certain funds from process of garnishment, are not intended to take, and do not take, from the owner his control or power to dispose of that property or those funds. He may sell or mortgage such property, or draw upon such funds. *Otherwise,* these statutes would be always a restraint, and frequently a positive detriment, where they were designed only to protect. The exemption laws do not deprive parties entitled to their benefits of the power to contract concerning the exempted property.—See 5 Ala. 740; 10 Ala. 276.

5. If parties may *waive* the exemption of their exempted property, and dispose of the same, and have exercised this right for a valuable consideration, they are estopped from afterwards claiming the exemption of said property. A contract made for the disposition of exempted property is as sacred and binding as any other contract.

6. *Is the drawing of a bill of exchange for a valuable consideration upon wages due the drawer, a waiver of their exemption?* It is. A bill of exchange is more than an order. An order, after being drawn, is *revocable* by the drawer, but a bill of exchange is an *absolute* and *irrevocable* appropriation by the drawer of the fund drawn upon to the payment of the bill; it is in the nature of a *sale* or *assignment.*—See Chitty on Bills, 1 and 2, 214; Story on Bills, bot, p. 14, § 13; Edwards on Bills and Pro. Notes, top p. 44.

7. This sale, assignment or appropriation, is absolute and irrevocable, *so far as the drawer is concerned,* before acceptance.—See Chitty on Bills, pp. 1, 2, 214; Edwards on Bills and Notes, 44.

8. That Martin, the defendant in the main suit, drew the bill upon which the plaintiff has judgment, for a valuable consideration, is *res judicata*—settled by verdict of a jury and judgment thereon—and can not here be enquired into,

That Martin, the defendant, drew the said bill upon his wages, is testified to by Martin himself and all the witnesses. That he drew not only upon his wages then (at the time of the drawing) due, but upon wages to accrue afterwards, is shown by the fact, testified to by him, that he told the plaintiff not to present said bill to the drawee immediately, as a sufficiency of his wages was not then due to meet said bill. After the satisfaction of the claim of one Heaford, the garnishee's answers show a further indebtedness of $79 25 to date of written answer, February 19th, 1869, and an indebtedness of $4 00 *per diem*, Sundays and one week excepted, from February 19th, 1869, to March 25th, 1870, making an amount largely more than sufficient to satisfy plaintiff's judgment, both as to debt and costs.

Appellant insists that he was entitled to a verdict and judgment, upon the law and the foregoing state of facts, against the appellee, A. A. Janney, for $303 75, (the amount of his judgment against defendant,) with interest thereon from its rendition, and for costs.

The exemption law has no operation in this case, the exempted funds having been sold or assigned for a valuable consideration.

WATTS & TROY, *contra.*—1. The first exception was not well taken. It is clear that the question and the answer to it tended to show that by drawing the bill of exchange, Martin did not waive his right to claim his wages as exempt from the process.

The court had first permitted the plaintiff to prove that Martin drew the bill of exchange on Janney, and the circumstances attending it, with the view of showing that he thereby waived his right to have his wages exempt. This question and answer certainly tended to rebut the plaintiff's testimony, by showing that a part, at least, of the bill of exchange had been paid, and to that extent, at least, there could be no lien, by agreement or otherwise, on the wages.

The drawing of the bill on Janney certainly could not

be considered a waiver of the right of the defendant, Martin, to have his future wages exempt.

2. If the wages of the laborer were not subject to garnishment, the employer (the garnishee) had the right to pay the laborer, notwithstanding the garnishment. In paying, the garnishee took the risk. The charge given was certainly correct, and the charge asked by plaintiff should certainly have been refused.

If the pendency of the garnishment could prevent the employer from paying wages to the laborer, the law would be little more than worthless. The object of the law in exempting the wages of a laborer from garnishment, or other legal process, was to enable the laborer to eat and to support his family.—See Acts of 1868, p. 249. These wages all accrued after the passage of the act. It was clearly proven that Martin was 'a laborer for the garnishee. The act, then, declares that his wages " shall not be subject to garnishment or attachment."

B. F. SAFFOLD, J.—The judgment in favor of the garnishee for the amount of the due bill given by Martin to Heaford, of which the garnishee had notice before service of the garnishment, is correct.

The drawing of the bill of exchange on Janney, if not an absolute appropriation of the money due by him to the drawer, was at least a waiver of its exemption from application to his debts, under legal process. Otherwise, it would open a door to fraud, and create distrust, which often would be as damaging to the debtor as to the creditor. What else can the debtor mean by drawing on his wages, than to declare to the person with whom he deals that he will not assert any existing right he may have to the funds, to the prejudice of his creditor, from whom he is then receiving a valuable equivalent?

The judgment of the plaintiff against the defendant is conclusive of his indebtedness at its date for the amount as ascertained by it; and also, that he owed not less than that amount at the commencement of the suit. With this matter the garnishee had nothing to do. We do not see how proof that at the time the bill was drawn, the drawer

was not indebted to the payee or the indorsee, can support his claim that he did not waive his right of exemption to his wages in the hands of the garnishee.

If the garnishee, after the service of the garnishment, paid the defendant money to which he had waived his right of exemption in favor of the plaintiff, he did it on his own responsibility, because the garnishment was a warning to him of another's claim to it in process of adjudication.

The charges and rulings of the city court are not in accord with this opinion.

The judgment is reversed and the cause remanded.