[Brown v. Leitch.]

# Brown *v.* Leitch.

*Action on Promissory Note, by Payee against Maker.*

1. *Exemption of personal property; waiver of.*—The right to claim an exemption of personal property, secured to debtors by constitutional and statutory provisions, is a personal privilege, which the debtor may waive; and it is waived, under the laws existing on the 8th April, 1874, by a stipulation in a promissory note in these words: "In consideration of supplies furnished, for which this note is given, I hereby waive all right to exemptions under the laws of Alabama."

2. *Form of judgment on note waiving exemption.*—Reversing the judgment of the court below, and holding that the waiver of exemptions contained in the note sued on, which was dated April 8, 1874, was valid, the court ordered the following words to be added to the judgment in favor of plaintiff: "And against this judgment, and the execution to be issued thereon, there is no exemption of personal property of the defendant."

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by S. & A. Brown, suing as partners, against H. B. Leitch; was commenced on the 24th February, 1876; and was founded on a promissory note, signed by the defendant, in these words: "Livingston, Ala., April 8, 1874. One day after date, I promise to [pay to] the order of S. & A. Brown one hundred and fifty 90–100 dollars, value received; negotiable and payable at Livingston, Alabama, with interest 10 per cent., from January 1, 1874; and in consideration of supplies furnished, for which this note is given, [I] hereby waive all right to exemptions under the laws of the State of Alabama." There was a demurrer to the complaint, which was overruled by the court; and the defendant then pleaded three special pleas: 1st, usury; 2d, that the note was executed prior to the statute authorizing judgments on notes waiving exemptions; 3d, that the note having been executed prior to the passage of the said statute, the plaintiff was not entitled to judgment on it as on a note executed after the passage of that statute. The plaintiffs confessed the plea of usury, and demurred to the other pleas, but the record does not show the action of the court on their demurrer. On the trial, as the bill of exceptions shows, the plaintiffs read the note to the jury, and it was the only evidence in the case. The court charged the jury, at the instance of the defendant, "that the defendant did not, by said note, waive all rights of exemptions as to personal property, so as

to prevent him, when his property is levied on, from having the same exempted to him, by duly claiming the same as the law directs;" and that, the note having been executed prior to the passage of the act approved March 14, 1876, the third section of which prescribes the form of judgments on notes containing waivers of exemption (Code of 1876, § 2849), the plaintiffs were not entitled to have the waiver entered as a part of the judgment under the provisions of that act. These charges, to which the plaintiffs excepted, are now assigned as error. The jury returned a verdict for the plaintiffs, for the principal of the note, without interest; and the court thereupon rendered judgment in their favor, but refused to state in the judgment that the right of exemption was waived; and this refusal is also assigned as error.

BRAGG & THORINGTON, and JAMES COBBS, for appellants.— Exemption laws confer a privilege on the debtor, which he may forfeit or waive; and a creditor may lawfully contract for such waiver. When thus waived, the waiver becomes a part of the contract, and the courts will enforce it. This right existed before the adoption of the present constitution, or the passage of the act of March 14, 1876; and the courts had the inherent right to modify and mould their process and orders, so as to make them conformable to law and justice.—Rev. Code, § 638; *Bibb v. Janney*, 45 Ala. 335; *Bell v. Davis*, 42 Ala. 460; *Ross v. Hannah*, 18 Ala. 125; *Pool v. Reid*, 15 Ala. 826; *Jordan v. Autrey*, 10 Ala. 276; Smyth on Homestead and Exemptions, §§ 526, 527, 535. The said act of March 14, 1876, is remedial only, and applies to actions pending at the time of its passage, as well as to actions subsequently commenced.—Code of 1876, § 2849.

CHAPMAN & SMITH, *contra*.  (No brief on file.)

STONE, J.—When the note which is the foundation of the present suit was executed—April 8, 1874—the constitution of 1868, art. XIV., section 1, and the act " to regulate property exempted from sale for the payment of debts," approved April 23, 1873—Pamph. Acts, 64—defined the right and measure of exemptions. The language of the constitution is : " The personal property of any resident of this State, to the value of one thousand dollars, to be selected by such resident, shall be exempted from sale on execution, or other final process of any court, issued for the collection of any debt contracted after the adoption of this constitution." The language of the statute is : " That the personal property of any resident of this State, to the value of one thousand

dollars, to be selected by such resident, shall be exempted from levy and sale under execution, or other process for the collection of debt." In *Miller v. Marx*, at December term, 1876, we decided, that the exemptions secured under the constitution of 1868 were constitutional legislation, and self-executing. There is no material difference in the clause of the constitution of 1868, and the section of the statute of 1873, copied above.

In the note sued on in this case is the following clause: "And in consideration of supplies furnished, for which this note is given, [I] .hereby waive all right to exemptions under the laws of the State of Alabama." The appellant contends, that this waiver is valid as to the personal property of the debtor; and this presents the only question in this cause. It will be observed that the words, "to be selected by such resident," are found alike in the constitution and in the statute. The claim and selection must be made by the defendant himself; and if he fails to assert the claim, he thereby forfeits it.—*Ross v. Hannah*, 18 Ala. 125; *Gresham v. Walker*, 10 Ala. 370; *Bell v. Davis*, 42 Ala. 460. The right to claim personal property as exempt is a mere personal privilege.—*Mickles v. Tousley*, 1 Cow. 114; *Earl v. Camp*, 16 Wend. 563; *Smith v. Hill*, 22 Barb. 656; *Dodson's appeal*, 25 Penn. St. 232; *Eberhart's appeal*, 39 Penn. St. 509, 513; *Com. v. Boyd*, 56 Penn. St. 402.

In *Bowman v. Smiley*, 31 Penn. St. 225, the court said: "Notwithstanding the doubts which have been sometimes expressed, it is now generally conceded, that the statutory privilege of the exemption of a portion of his property, from levy and sale under execution, is one which a debtor may waive. When made at the time the debt is created, the waiver is based upon the same consideration as that upon which rests the liability to pay, and is therefore irrevocable. Such a waiver is a contract, that, so far as regards the judgment creditor in whose favor it is made, the debt shall be collectible in the same manner as if the act of April 9, 1849, had never been passed."

In *Bibb v. Janney*, 45 Ala. 329, a laborer had drawn an order, or bill of exchange, on his employer, to be paid out of his wages; and the question was, whether this was a waiver of his right to claim this sum due him for wages, as exempt under the statute. This court said: "The drawing of the bill of exchange on Janney, if not an absolute appropriation of the money due by him to the drawer, was at least a waiver of its exemption from application to his debts under legal process. Otherwise, it would open a door to fraud, and create distrust, which often would be as damaging to the

[Harkins v. Hughes.]

debtor as to the creditor. What else can the debtor mean by drawing on his wages, than to declare to the person with whom he deals that he will not assert any existing right he may have to the funds, to the prejudice of his creditor, from whom he is then receiving a valuable equivalent?" And the claim of exemption was disallowed.—See, also, Smyth on Exemptions, § 535.

The exemption of personal property, under the provisions of the constitution and statute copied above, is to residents of this State. No other person than such resident is mentioned as having any interest in the exemption. It is manifest that the owner of such exempt personal property can sell, and thus part with such property, and no other person can gainsay his right. When the owner dies, his claim of exemption of personal property is not transmitted, but dies with him. True, if he has a wife or minor child, an independent right of exemption, in some conditions, springs up; but this is a right secured to such wife or minor child, not a continuance of the husband's right.—See *Childs v. Jones*, at present term. We think the waiver in the present case must be held valid and binding.

The judgment of the Circuit Court is reversed, and a judgment here rendered, adding to the judgment-entry this clause: "And against this judgment, and the execution to be issued thereon, there is no exemption of personal property of the defendant."

Let the appellee pay the costs of this appeal.