# Davis *v.* The State.

*Proceedings to amend Judgment Nunc Pro Tunc.*

1. *Amendment of judgment nunc pro tunc; only record or quasi
   record evidence considered.*—A judgment entry can be
   amended *nunc pro tunc* only upon record evidence or evi-
   dence *quasi* of record, and deficiency in such evidence can
   not be supplied by parol testimony.
2. *Amendment nunc pro tunc; admissibility of evidence.*—In a
   proceeding on a motion to amend a judgment *nunc pro
   tunc,* memorandum written on the trial docket by the court
   is admissible.
3. *Amendment of judgment nunc pror tunc; sufficiency of evi-
   dence.*—In a proceeding on a motion to amend a judgment
   *nunc pro tunc* by inserting in said judgment the name of
   one of the jurors, which was by mistake omitted from said
   entry, a written memorandum on the trial docket of said
   court at the term at which the judgment was rendered "J.
   and V. are guilty of murder," etc., is insufficient to support
   such motion; there being nothing in such entry to show
   tnat the person whose name is sought to be entered in the
   judgment was a member of the trial jury.
4. *Amendment of judgment nunc pro tunc; admissibility of evi-
   dence.*—In a proceeding on a motion to amend a judgment
   *nunc pro tunc* by inserting the name of a juror whose name
   was by mistake omitted from the entry, the affidavit of the
   clerk of said court that said juror's name was omitted by
   mistake and a list of the jurors prepared by the clerk as
   a memorandum of the jury trying said cause, constituted
   no part of the record or *quasi* record of said cause, and are,
   therefore, not admissible in evidence

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. J. C. RICHARDSON.

The appellant in this case, Mose Davis, was indicted tried and convicted for murder in the first degree at the Spring term 1902 · of the Circuit Court of Lowndes County. In the minute entry of the judgment of conviction, after reciting the joinder of issue on the plea of not guilty, it is then stated that "thereupon came a jury of good and lawful men, towit," and after this there are the names of eleven jurors set out. After setting out the names of eleven persons, the judgment entry then continues as follows: "who upon their oaths do say. "We, the jury find the defendant guilty of murder in the first degree as charged in the indictment and fix his punishment at death." There then follows the judgment of conviction. At the Fall term 1902 of the Circuit Court of Lowndes County, the State through its solicitor, made a motion to amend the judgment entry of the Spring term 1902 *nunc pro tunc* by inserting the name of the juror in said judgment entry, it being averred in the motion that the name of the juror sought to be inserted was, by mistake of the clerk, omitted from said entry. In support of this motion, the State, as movant, first offered in evidence the memorandum written in the trial docket at the Spring term 1902 of the Circuit Court of Lowndes County, which memorandum was written in said doceket after the statement of the case, and contained among others, the following statement: "2—27. J. and V. are guilty of murder in the first degree; punishment fixed at death." The defendant objected to the introduction of said memorandum in evidence upon the following grounds: 1. That said memorandum was incompetent and illegal testimony in this case. 2. Because said memorandum was not such a writing or document required by law to be made and preserved in this case and is not *quasi* of record. The court overruled this objection and the defendant duly excepted. The State then offered in evidence the affidavit of the clerk of said court, in which the clerk swore that the defendant in said cause was tried by twelve jurors, and twelve jurors returned the verdict of guilty, but that in enter-

ing up the minutes of the court the name of one of the ju-
rors, designating him, was omitted and that said juror
was upon the jury which returned the verdict of guilty
in said case. The affiant further stated that the card at-
tached to the affidavit was a true and correct list of
the jury trying the said case, and said card was filled
out by the affiant as the jurymen were empannelled
and took their seats. The card attached to the affida-
vit was a small pasteboard card and had written on it
"Spring term 1902. Jury, Mose Davis. Murder." And
also the names of twelve persons. The name of the ju-
ror, whose name was sought to be inserted in the judg-
ment of conviction by amendment *nunc pro tunc* was
upon this card. The defendant objected to the intro-
duction in evidence of the affidavit, and also the said
card, upon the grounds that such evidence was incom-
petent, illegal and irrelevant, and constituted no part
of the record in said case, nor was it *quasi* of record.
This motion was overruled, and the defendant duly
excepted.

Upon the introduction of all the evidence upon the mo-
tion to amend, the court rendered judgment granting
said motion and ordering the judgment rendered at the
spring term 1902 amended *nunc pro tunc* as asked for in
said motion. To the rendition of this judgment the de-
fendant duly excepted. From this judgment amending
the former judgment *nunc pro tunc* the present appeal
is prosecuted.

W. P. McGaugh, D. K. Middleton and Thos. W. Mar-
tin, for appellant.—It has been repeatedly held by this
court that the statute merely follows the common law in
respect of amendments *nunc pro tunc,* and evidence
which is not admissible under the statute is not admis-
sible under the common law and *vice versa;* the require-
ment in both cases being that such evidence must be re-
cord or *quasi* record evidence.—*Thompson v. Miller,*
2 Stew. 470; *Metcalf v. Metcalf,* 19 Ala. 319; *Hudson v.
Hudson,* 20 Ala. 364; *Perkins v. Perkins,* 27 Ala. 479;
*Harris v. Martin* 39 Ala. 556; *Bruce v. Strickland* 47
Ala. 192; *Tanner v. Hays,* 47 Ala. 722; *Dunlap v. Hor-
ton,* 49 Ala. 412; *Bryan v. Streeter,* 57 Ala. 104.

[Wright v. The State.]

Neither the affidavit nor the list of jurors constituted a part of the record, and they were, therefore, inadmissive in evidence.— *Perkins v. Perkins,* 27 Ala. 479; *Hudson v. Hudson,* 20 Ala. 374; *Bruce v. Strickland,* 47 Ala. 192.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—A record entry of judgment can be amended *nunc pro tunc* only upon record evidence or evidence *quasi* of record.—Mayfield's Dig. 119, § 16. Deficiencies in such evidence cannot be supplied by parol evidence.—*Gunn v. Howell,* 35 Ala. 144; *Tanner v. Hays,* 47 Ala. 722; *Pryor v. Beck,* 21 Ala. 393; *Ex parte Gilmer,* 64 Ala. 234; *Hudson v. Hudson,* 20 Ala. 364; Black on Judgments, § 165.

It was proper on the trial of the State's motion to receive as evidence the entries appearing on the trial docket.—*The Governor v. Bancroft,* 16 Ala. 605; *Gay, Hardie & Co. v. Rogers,* 109 Ala. 624. But these entries were not of themselves sufficient to support the motion, since there was nothing in them to show J. W. Thomas was a member of the trial jury.

Neither the clerk's affidavit nor the list purporting to contain names of jurors were records or *quasi* records, and, therefore, their admission was erroneous.

The judgment granting the motion to amend will be reversed, and a judgment will be here rendered overruling that motion.

Reversed and rendered.