# A. G. Story Mercantile Co. *v.* McClellan.

*Appeal From Order Granting Motion to Correct a Judgment.*

(DECIDED DEC. 21, 1906, 40 So. REP. 123.)

1. *Judgment; Amendment; Judicial Errors: Jurisdiction of Court.* —The act creating the city court of Talladega (Acts 1894-95, p. 1227) provides that after thirty days from the rendition of a judgment by that court, the same shall be deemed as completely beyond the control of the court as if the term of the court at which it was rendered was ended, and after the expiration of that period, that court has no revisory powers over the judgment, cannot correct judicial errors·in it, nor set it aside, unless void on its face; but the court may, under § 3334 of Code of 1896 correct clerical errors, or amend it *nunc pro tunc*, after the expiration of thirty days from its rendition.

2. *Same; Application for Correction; Averments.*—Before a part,ᵣ can obtain an order amending a judgment, not void on its face, after the term at which it was rendered, he must aver and show by matter of record, or by entries made, that on account of clerical errors the judgment entered does not conform to the judgment rendered, or intended to be rendered by the court, but proof *dehors* the record cannot be resorted to for the purpose of amending the judgment *nunc pro tunc*.

3. *Exemptions; Waiver; Pleading Waiver; Sufficiency.*—Sections 2106-2107 of Code of 1896, do not fix or prescribe any set terms in which the averment of a waiver of homestead exemptions must be made nor require a statement of facts in detail for the purpose of distinguishing a valid from an invalid waiver, but an averment that a waiver has been made, properly attested, and its extent, is sufficient, without alleging that the party making it was married or unmarried, or describing the land constituting the homestead waived.

4. *Exemptions; Complaint; Judgment; Conformity.*—In an action on a note, the complaint alleged that by seperate instrument in writing attested by one witness defendant waived his right to claim any homestead or other exemption, and the judgment thereon recited that·as against it, and execution issued thereon, there was no exemption of real or personal

property; Held, the complaint was sufficient to call into ex-
ercise the jurisdiction of the court to declare the waiver,
and its extent, and the recitals of the judgment were suffi-
cient, although they did not follow the averments of the comt
plaint; and that the judgment rendered was the solemn express
adjudication of the court, not capable of amendment *nunc
pro tunc*, and beyond the power of the court, by lapse of time,
to be revised or corrected.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

The facts leading up to the rendition of the judgment,
the waiver and the judgment entered are fully set out in
the opinion of the court. The judgment against McClen-
lan was rendered on the 7th day of May, 1904, and on the
27th day of June, 1904, he filed a motion in the city
court of Talladega asking that the court correct the judg-
ment rendered on 7th day of May by striking out of such
judgment entry the words "waiver of homestead exemp-
tions" or the words "real property," and to correct the
said judgment entry on the minutes of the court so as
to show that such judgment is not a waiver of defendants
homestead exemptions, or right of homestead exemp-
tions, and sets out numerous grounds therefor, mainly
that the court was without jurisdiction to render such a
judgment under the complaint, and that no valid waiver
was shown by the complainant, and no valid waiver is
shown to any particular land.

Demurrers were interposed raising the questions that
it was the purpose of the motion to correct an erroneous
judicial ruling, and that it does not appear that any cler-
ical errors were committed and that none is charged.
That the motion was predicated upon matters not ap-
pearing of record, and many other grounds. The court
permitted the movant, over objection of the appellant
here, to introduce affidavits showing that at the time of
the alleged execution of the note and separate instru-
ment in writing, he was a married man, living with his
wife on the only land owned by him, and that they were
occupying it as a homestead at that time and at the time
the judgment was rendered.

[A. G. Story Mercantile Co. v. McClellan.]

J. J. PIERCE and W. B. HARRISON, for appellant.—After the expiration of thirty days from the rendition of the judgment the court's authority over it entirely ceased, under the acts creating the court.—Acts 1894-95, p. 1227. It could not set aside or annul or otherwise modify or change its judgment.—*Ex parte Payne,* 130 Ala. 189; *Ex parte James,* 125 Ala. 119; *Schwarz v. Openheimer,* 90 Ala. 462.

This being true, it could only amend its judgment when it undertook to do so, *nunc pro trunc,* to correct ministerial or clerical errors therein apparent of record. *Whorley v. R. R. Co.,* 72 Ala. 20; *Montevallo Coal Co. v. Reynolds,* 44 Ala. 252; *Ivey v. Gilder,* 119 Ala. 495; *In re Newton,* 94 Ala. 431

Without statutory authority the court, after the expiration of the term can only correct ministerial errors. However erroneous the express judgment of the court cannot be revised or corrected at a subsequent term.— *Browder v. Faulkner,* 82 Ala. 257; *Tippins v. Peters,* 103 Ala. 196.

The power to amend *nunc pro tunc* is limited to the correction of clerical errors.—*Wiggins v. Steiner,* 103 Ala. 655, 657.

The power is not revisory in its nature and is not intended to correct judicial errors. At a subsequent term you cannot correct that which has been deliberately adjudged.—*Ex parte Robinson,* 72 Ala. 22, 23.

The exercise of this power should never be the means of rendering a new or different judgment or enlarging or modifying an existing one, but should be confined to placing on the record in proper form, a judgment already rendered. The power is directed to the entry of the judgment,—placing in proper form,—and cannot usurp or supplant the functions of an appeal to a higher tribunal where judicial errors are corrected. However erroneous the express judgment of the court, it must stand until reversed by some other court.—*Robertson v. Wing,* 120 Ala. 459; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 273; *Browder v. Falkner, supra; Whorley v. R. R. Co., supra; Ex parte Robinson, supra.*

It is an elementary principle, well recognized and uni·
versally obtaining, that whatever is formally embraced
within and declared in a judgment of a court is a judicial
determination to that effect.   The fact of waiver of
homestead exemptions was declared in the judgment and
was a judicial determination of that fact.   If erroneous
it was a judicial, not a clerical error, properly corrected
on appeal, but is not the subject matter of an amendment.
*nunc pro tunc.*   The recital of waiver was a judicial
determination to that effect, See *Kemp v. Lyon,* 76 Ala.
212, 217.

Lastly, it is well established, known of all men, that
a judgment can be amended *nunc pro tunc* only upon re·
cord evidence or evidence *quasi* of record.—*Davis v.
State,* 136 Ala. 136; *Ex parte Davis,* 95 Ala. 9.

Deficiencies in this proper and only evidence cannot be
supplied by parol.   The affidavits of Henry McClelland,
appellee, setting up that he was a married man (which
does not otherwise appear) was a belabored attempt to
inject into the record matter *dehors* the record, to over·
come the judgment by evidence *aliunde,* and was not
predicated upon record evidence or evidence *quasi* of re·
cord, while only this kind of evidence was admissible.—
*Davis v. State,* 136 Ala. 136; *Genn v. Howell,* 35 Ala.
144; *Tanner v. Haynes,* 47 Ala. 722; *Pryor v. Beck,* 21
Ala. 393; *Ex parte Gilmer,* 64 Ala. 234; *Hudson v. Hud-
son,* 20 Ala. 364.


C. C. WHITSON, for appellee.—Under the constitution
when the waiver of exemptions "relates to realty it must
be signed by both the husband and the wife, and attested
by one witness."—Constitution of 1875, Art. 10, § 7;
Constitution of 1901, § 210; Code of 1896.

Where a waiver of exemptions is claimed in a suit, the
facts which constitute such waiver of exemptions must
be averred in the complaint.   "The rcetial of such waiver
in the judgment entry and the endorsement of the waiver
on any execution issued are of statutory origin and au·
thority."—*Fears v. Thompson,* 82 Ala. 294-296; *Reed-
Lumber Co. v. Lewis,* 94 Ala. 627.

The constitution which declares that "every homestead not exceeding 80 acress," etc., shall be "exempted from sale under execution," etc., is self-acting and absolutely exempts such homestead without the aid of any legislative provisions."—*Miller v. Marx,* 55 Ala. 322.

In the exercise of the jurisdiction to adjudge and determine as to a waiver of the homestead exemptions, the court exercises a purely statutory authority.—Code of 1896, section 2107.

Whenever the circuit court or a city court with like powers (as was the city court) "exercises special, limited jurisdiction, the existence of jurisdictional facts is not inferred from the exercise of jurisdiction but they must affirmatively appear from the record."—*Goodwater Warehouse Co. v. Street,* 137 Ala. 625; *Pettus v. McClanngan,* 52 Ala. 55; *Willmerding v. Corbin Banking Co.,* 126 Ala. 268-278; *Wells v. Mortgage Co.,* 123 Ala. 421; *State v. M. & G. Railroad Co.,* 108 Ala. 29; *Pullman Palace Car Co. v. Harrison,* 122 Ala. 149.

It is equally well settled that the existence of such jurisdictional facts is not inferred from their recital merely in the judgment entry.—137 Ala. page 625, supra; *Joiner v. Winston,* 68 Ala. 129.

It follows, that in so far as the averments of the complaint as amended in respect to the alleged waiver of homestead exemptions, is concerned, the complaint fails to contain a substantial cause of action. Where there is no substantial cause of action contained in the complaint there is nothing upon which a judgment can be founded.—*Linam v. Jones,* 134 Ala. page 579-580; *Goodwin v. Forman,* 114 Ala. 489, 492; *Jordan v. N. C. & St. L. R. R.,* 131 Ala. pp. 219-221; *L. & N. R. R. Co. v. Williams,* 113 Ala. 403, 405.

When a judgment has been rendered which is void on its face for want of jurisdiction, the court from "a due regard for its own dignity, the protection of its officers, the prevention of the abuse of its process and of injustice to its suitors, and the preservation of the sanctity of the judgments it may rightfully render" will vacate and set aside judgments on a proper application coming

from a party having rights and interest immediately involved at any time subsequent to its rendition.—*Buchanan v. Thomason,* 70 Ala. pp. 401-402; *Pettus v. McClannahan,* 52 Ala. p. 55; 3 Mayfield's Digest, uage 1135, par. 6.

This was a court of limited jurisdiction, and the petition must state all of the jurisdictional facts otherwise the decree is void, although the decree recites all the jurisdictional facts.—*Cox v. Johnson,* 80 Ala. 22-24; *Cohen v. Wallner,* 72 Ala. 233; *New Eng. Mort. Co. v. Powell,* 94 Ala. 427.

And furthermore, the omission of a single jurisdictional fact in the petition renders the entire decree void. —72 Ala. page 233, supra.

It is well settled that although there may be recitals of a fact in the judgment of a court of limited jurisdiction, and such fact is jurisdictional, such recital may be shown to be false on collateral attack.—*Cox v. Johnson,* 84 Ala. supra; *Beasley v. Howell, Admr.,* 117 Ala. 506.

If the averment as to a waiver of exemptions is not sufficient to support a judgment declaring such waiver "the defendant may protect himself by motion to strike out" the recital of the fact incorporated in the judgment. —*Golden v. Comer,* 89 Ala. 601.

Affidavit was the proper method of making such proof on the motion to vacate such judgment.—3 Mayfield's Dig. page 1176, paragraph 870.

Furthermore, the defendant offered to prove by himself as a witness the facts stated in the affidavits, and plaintiff's objection that oral testimony was not competent as such testimony was sustained. It follows that it cannot put the court in error on objections to the affidavit, when its own objection prevented the curing of any error in admitting the affidavits, if error it was. Plaintiff cannot blow both hot and cold.—*Hooper v. Birchfield,* 115 Ala. 227.

DENSON, J.—The A. G. Story Mercantile Company sued Henry McClellan in the city court of Talladega on a promissory note, and obtained judgment by default against him on the 7th day of May, 1904. The summons

and complaint were issued on the 1st day of April, 1904, and were executed on the 2d day of April, 1904, by the sheriff leaving a copy with the defendant. The original complaint contained no averment of a waiver of exemptions either as to personal property or the homestead. On the day the judgment was rendered, and before it was rendered, by leave of the court the complaint was amended. The amendment material to our consideration here is in this language: "And plaintiff avers that by a separate instrument in writing, subscribed by the defendant and attested by one witness, the defendant waived all right to claim any homestead or other exemptions under the laws of Alabama as against the indebtedness evidenced by said note." There is no averment in the complaint as to the status of the defendant, whether married or single. In the judgment by default rendered is found this recital: "As against this judgment and the executions to be issued thereon there are no exemptions of real or personal property." On June 27, 1904, more than 30 days after the judgment was rendered, the defendant filed a motion to amend and correct *nunc pro tunc* the judgment rendered, by striking out that part of it adjudging that the defendant was not entitled to any exemption as to real property. The court overruled a demurrer to the motion, and on the evidence adduced granted the motion and corrected the judgment in accordance with the prayer of the motion. From the judgment rendered by the court on the motion, the plaintiff appealed.

By the act of the General Assembly establishing the city court of Talladega, judgments rendered by that court, after the expiration of 30 days from their rendition, are to be taken and deemed as completely beyond the control of the court, as if the term of said court at which said judgments were rendered had ended at the end of said 30 days.—Acts 1894-95, p. 1227. So, the motion and proceedings had thereon must be considered as if the motion was made after the term at which the judgment was rendered had expired. It must follow, then, under the rule established by this court, that the court had no revisory power over the judgment rendered; could not

correct any judicial errors that may have been committed; could not set aside the judgment, unless it was void on its face. It could, however, entertain a motion to amend and correct ministerial errors under the authority conferred by section 3334 of the Code of 1896.—*Ex parte Payne*, 130 Ala. 189, 29 South. 622; *Ex parte James*, 125 Ala. 119, 28 South. 69; *Schwarz v. Oppenheimer*, 90 Ala. 462, 8 South. 36; *Johnson v. Glasscock*, 2 Ala. 522; *Gibson v. Wilson*, 18 Ala. 63; *Harris v. Billingsley*, 18 Ala. 438; *Whorley v. M. & C. Ry. Co.*, 72 Ala. 20; *Ivey v. Gilder*, 119 Ala. 495, 24 South. 715; *Tippins v. Peters*. 103 Ala. 196, 15 South. 564; *Wiggins v. Steiner*, 103 Ala. 655, 16 South. 8; *Ex parte Robinson*, 72 Ala. 389; *Pettus v. McClannahan*, 52 Ala. 55. Under the authorities, *supra*, the failure of the court to act or its incorrect action can never authorize a *nunc pro tunc* entry. "If no judgment be rendered, or if an imperfect or improper one be rendered, the court has no power to remedy any of these errors or omissions as clerical *misprisions.*" In the language of BRICKELL, C. J., in the case of *Whorley v. M & C. Ry. Co., supra*: "The correction is of clerical errors—it is not of the express judgment that the court may have pronounced. It is in respect to an error or defect in the entry of the judgment the court rendered; the omission of a statement of a fact the parties are entitled to have spread on the record, or, it may be, expressing the statement of a fact incorrectly or impertinently introduced. The clerical duty is the entry of the judgment the court renders, however erroneous it may be, and, if the duty is performed, the correction of the error must be made in an appellate court."—Freeman on Judgments (3rd Ed.) § 68, and authorities cited in note 1. To entitle a party to an order amending a judgment, he must establish that the entry as made does not conform to what the court intended it should be when it was ordered; and this on account of clerical errors, or omissions.

Section 2107 of the Code provides that: "In any suit, at law or in equity, in which a waiver of the right of homestead or other exemption is sought to be enforced, the fact of waiver and its extent must be averred in the complaint, petition or bill, and by appropriate

pleading may be controverted; and if such averment
is sustained, the fact of waiver and its extent must
be declared in the judgment or decree," etc.   There
can be no doubt that this declaration of the waiver
in the judgment involves an adjudication by the
court of the fact of waiver and its extent.   Until the court
so adjudges, the clerk has no authority to embody in the
judgment anything with reference to such waiver and
its extent.   When the court does so adjudge, the clerical
duty is the entry of the judgment the court has rendered.
In this case we have the adjudication by the court of
the fact of waiver and its extent.   *Brown v. Leitch.* 60
Ala. 313, 31 Am. Rep. 42.   Indeed, the motion does not
proceed upon the theory that the court did not adjudge
the waiver and its extent; but, according to our under-
standing of the facts alleged, the theory and contention
of the defendant (appellee) is that the court was with-
out jurisdiction to render the judgment declaring the
waiver and its extent with respect of the homestead ex-
emptions.   Therefore that the judgment is void on its
face.   This contention is rested upon the proposition
that, in the exercise of jurisdiction to declare the fact of
waiver and its extent, the city court, *quoad hoc,* is a court
of limited and statutory jurisdiction.   Therefore that
jurisdictional facts cannot be inferred from the exercise
of jurisdiction or from their recital in the judgment en-
try, but such facts must be averred in the complaint.
The supposed defects in the complaint as pointed out in
the motion, and which are insisted upon as causing the
complaint to fall short of sufficiency to give the court
jurisdiction to declare the waiver of exemptions as to
the homestead, are lack of an averment that the defend-
ant was an unmarried man, and lack of averment that
the waiver particularized the lands to which it applied.
Section 2106 of the Code of 1896 provides the manner in
which waiver of exemptions as to homestead may be
made.   By its terms the waiver must be by a separate
instrument in writing, subscribed by the party making
the same, and attested by one witness; and, if the party
is a married man, such waiver shall not be valid without
the voluntary signature of the wife, etc.   It is true the

fact of waiver and its extent must be averred in the complaint.—Code 1896, § 2107; *Goetter v. Pickett*, 61 Ala. 387; *Taylor v. Cockrell*, 80 Ala. 236. But the statute does not fix any set terms in which the averments are to be made, nor does it require that facts that would distinguish a valid from an invalid waiver shall be set out in the complaint in detail, but the mere allegation of the fact that the waiver has been made and its extent seems to be the full requirement in this respect. This construction is reinforced by the further provision in the statute that the fact of waiver may be controverted by appropriate pleading.—Code 1896, § 2107. Granting the defendant was an unmarried man at the time the waiver was made, could it be contended with any show of reason in the light of the averments of the complaint, that the judgment was void on its face because there is not an averment in the complaint as to the status of the defendant—whether married or unmarried? We think not, for the simple reason that the complaint, as we have seen, shows with preciseness a waiver of homestead exemptions made in conformity with the statute when the waiver is made by an unmarried man. That the defendant is, and was at the time the waiver was made, a married man is a fact dehors the record. The fact that defendant was a married man could have been shown in this case, as it was shown, only by evidence extrinsic to the record. This sort of evidence cannot be resorted to on a motion to enter judgment *nunc pro tunc.*—Code 1896, § 3334; *Davis' Case*. 136 Ala. 136, 33 South. 813, and authorities there cited.

Without determining the question as to whether the city court is a court of general or limited jurisdiction with respect of declaring the fact of waiver of exemptions, we are at the conclusion that the complaint was sufficiently specific in its averments to call into exercise the jurisdiction of the court to declare the fact of waiver and its extent, and therefore that the judgment is not void on its face. There is no merit in the proposition that the waiver fails to particularize the lands; nor in the proposition that the judgment entry does not follow the averments of the complaint. If there is merit in the

[Alabama Consolidated Coal & Iron Co. v. Turner.]

fifth ground of the motion it is apparent that the defendant's remedy is not by motion to amend *nunc pro tunc* the judgment entry. It is clear to our minds that the judgment declaring the fact of waiver is not the result of a clerical error or omission, but that it conforms to what the court intended it should be at the time it was rendered. In other words, that it is the solemn express adjudication of the court. And it was therefore beyond the power of the court to revise or correct any judicial errors that may have been committed in its rendition.

The final conclusion is that the court erred in overruling the demurrer to the motion and in allowing the affidavits offered by the defendant (movant) as evidence. The judgment of the city court is reversed, and a judgment will be here rendered sustaining the demurrer to the motion and overruling the motion. The appellee must pay the cost of the appeal.

Reversed and rendered.

TYSON, SIMPSON, and ANDERSON, JJ., concur.