## CENTRAL IRON & COAL CO. v. COKER et al. (6 Div. 976.)

Supreme Court of Alabama. Jan. 28, 1928.

Rehearing Denied May 10, 1928.

**1. Master and servant ⬅393—Remaining dependents held entitled to full award for employee's death, after other dependents passed age limit or were married (Code 1923, § 7554).**

Where deceased employee left surviving dependent widow and more than four dependent children, thereby authorizing compensation to his dependents on basis of 60 per cent. of his average weekly earnings, under Code 1923, § 7554, remaining dependents, after widow remarried and other dependent children married and others passed the age of 18 years, held entitled to the benefit of the full award; sections 7556, 7562, and 7564, being inapplicable.

**2. Master and servant ⬅393—Purpose of statutes is to intercept compensation for employee's death from passing to personal representative in case of dependent's death, or on termination of dependency to direct its application to dependents remaining (Code 1923, §§ 7555, 7556, 7564).**

Code 1923, § 7556, providing compensation shall cease upon death or marriage of dependent and dependency of child shall terminate with age of 18, and like provisions of section 7564 relate to marriage of widow as well as to other dependents, and, when construed in connection with section 7555, the only effect of such provisions is to intercept compensation from passing to personal representative in case of death of one or more of dependents, and in case of relief from dependency by marriage of dependent to direct its application to dependents remaining.

**3. Master and servant ⬅393—Statute limiting compensation for employee's death does not affect those wholly dependent (Code 1923, § 7564).**

Code 1923, § 7564, providing that, where compensation is being paid to dependent, in no event shall such dependents receive more than proportion which amount received of deceased employee's income during his lifetime bears to compensation provided hereunder, held not designed to affect compensation of those wholly dependent who were as family group receiving

---

in home full benefit of workman's earning power at time of his death.

**4. Master and servant ⊕⇒411—Judgment in compensation proceedings should limit subsequent proceedings to question of money awarded and application to dependent's needs (Code 1923, §§ 7571, 7578).**

Under Code 1923, §§ 7571, 7578, making judgment of circuit court final and conclusive between parties in proceeding for compensation, it is duty of parties as well as court to see that judgment is moulded so as to preserve its integrity and finality and limit subsequent proceedings to question of money awarded and applying it to needs of dependent. .

Certiorari to Circuit Court, Tuscaloosa County.

Proceeding under the Workmen's Compensation Act by Clara Criss Coker and others for compensation for the death of Henry Criss, employee, opposed by the Central Iron & Coal Company. Judgment denying petition to modify decree of compensation, and the employer brings certiorari. Writ denied.

H. A. & D. K. Jones, of Tuscaloosa, for appellant.

When the only defendants are three orphans, their compensation is 50 per cent. of the average weekly earnings of the deceased employee. Allowance for dependent children ceases upon said child becoming 18 years of age. When a dependent dies or marries, his or her compensation ceases. Code 1923, §§ 7556, 7562, 7564.

L. C. Bell, of Tuscaloosa, for appellees.

The question presented has been decided in Ex parte Central Iron & Coal Co., 212 Ala. 367, 102 So. 797. See Central Iron & Coal Co. v. Pennington, 209 Ala. 22, 95 So. 472.

BROWN, J. This is the second review, by certiorari, in this case, and whether such review is authorized is a question not presented, as no objection is made here by the respondent. The case as reported on the former appeal will be found in Ex parte Central Iron & Coal Co., 212 Ala. 367, 102 So. 797, where a summary of the facts, as they then existed, may be found, and the question presented was stated to be that:

"We are here concerned only with the power of the court over the matter of apportionment of the compensation previously fixed, and which is not sought to be changed."

[1] The facts of the case, in so far as they are material to the question now presented, are that the deceased workman left surviving him a dependent widow and more than four dependent children, in fact six, including the posthumous child, presenting a case, so far as the amount of the employer's liability is concerned, under section 7554 of the Code, which provides:

"If the deceased employee leave a dependent widow or dependent husband, and four or more dependent children, there shall be paid to the widow for the benefit of herself and such children sixty per cent. of the average weekly earnings of the deceased." Code 1923, § 7554.

On proceedings filed in the circuit court an award was made, fixing the compensation at 60 per cent. of the weekly wage, ascertained to be $27.50 at $15 per week for all of the dependents.

Since the rendition of the original judgment, the widow remarried and some of the dependent's children have married and others have passed the age of 18 years, without defects which would continue their dependency, until there are only three dependent children left.

The petitioner's contention now is that it is entitled to have the circuit court reopen the judgment and modify it, refixing the compensation to the remaining dependents on the basis of 30 per cent. for one child, and 10 per cent. for each additional child up to three, or, to state it otherwise, on a basis of 50 per cent. of the weekly wage of $27.50—reducing the allowance to $13.65, citing in support of this contention sections 7556, 7562, and 7564 of the Code.

Section 7556 provides the basis of compensation when the deceased workman leaves dependent orphans, or a dependent husband and no dependent children, or no widow, husband or dependent children, but other dependents of the second class.

Section 7562 allows *an increase* in the award where in the nine preceding sections there is a provision for 50 per cent. as the basis of compensation, or when the weekly maximum or weekly allowance does not exceed $12.

It is too clear to permit of controversy that these sections have no application where, as here, compensation was allowable on the basis of 60 per cent. of the workman's weekly wage. Code 1923, § 7554.

Under the section last cited, the widow was entitled, in her own right, to 30 per cent., and under section 7555, on her remarriage, the unpaid balance to which she was entitled inures to the benefit of the children.

If the three dependents remaining be given the benefit of the widow's share and the compensation be readjusted on the basis of the provisions of section 7556, the first child would be entitled to an additional allowance of 30 per cent. and the other two 10 per cent. each, making a total of 80 per cent., instead of 50 per cent. as contended.

[2] As to the provisions of section 7556, that, "If the compensation is being paid under article 2 of this chapter to any dependent, such compensation shall cease upon the death or marriage of such dependent, and the dependency of a child shall terminate with the

age of eighteen unless otherwise provided herein," and the like provisions of section 7564: These provisions relate to the marriage of the widow, as well as to other dependents, and when these provisions are construed in connection with section 7555, adopting a liberal policy of construction, to accomplish the purpose of the act, to provide compensation, in a measure for the loss suffered by the dependents of the deceased workman, in case of his death, the conclusion is reached that the only effect of these provisions is to intercept the compensation from passing to the personal representative, in case of death of one or more of the dependents, and, in case of relief from dependency by the marriage of the dependent, to direct its application to the dependency remaining. Such was the opinion of the court on the former appeal, and in Ex parte Todd Shipbuilding & Dry Docks Co., 212 Ala. 477, 103 So. 447, where the question received full consideration.

[3] It must be admitted that the last clause of section 7564, that "where compensation is being paid under this chapter to any dependent, in no event shall such dependents receive more than the proportion which the amount received of the deceased employee's income during his life bears to the compensation provided hereunder," is of doubtful meaning, if it can be given any force at all. But it is reasonably clear that this provision of the statute was not designed to affect the compensation of those wholly dependent, who were, as the family group, receiving in the home the full benefit of the workman's earning power at the time of his death.

If the employee—the husband and father in this case—had lived, we must assume the remaining dependent children would have received the benefit of his earnings so long as they remained dependent upon him, though others who were in this class, on the date the cause of action arose through his death, had ceased to be dependent by reason of becoming of age, marriage, or death, and we see no escape from the conclusion that such dependents remaining in this class are entitled to the benefit of the full award, though some of the dependents have passed the age limit, married, or died. The statute was so construed in Ex parte Todd Shipbuilding & Dry Docks Co., supra, and a due regard for the maxim of stare decisis, it would seem, compels adherence to such judicial interpretation, silencing controversy. Lindsay v. U. S. Savings & Loan Ass'n, 120 Ala. 156, 24 So. 171, 42 L. R. A. 783.

If, as suggested by the petitioner, a case should arise where there are no remaining dependents and no one is entitled to receive the benefits of the award, the court has ample power in the control of its process to prevent abuse.

[4] The record in this case shows that the litigation, in respect to the compensation awarded, has been carried on by repeated applications to modify the judgment of the court through and beyond the entire period of 300 weeks, more than 5 years, and this leads us to observe that the dominant purpose of the Compensation Law is to provide, in a measure, compensation for the injury suffered, when it is most needed, and without the delays incident to protracted litigation in the ordinary action at law. To lose sight of this dominant purpose, in its administration, by allowing the litigation to be prolonged, destroys the spirit of the statute and emasculates its controlling virtue. The statute makes the judgment of the circuit court final and conclusive between the parties, and declares that "subsequent proceedings thereon shall only be for the recovery of moneys *thereby determined* to be due." Code, §§ 7571, 7578. And there is no reason why the judgment should not be so moulded as to fully settle and determine all of the rights of the parties at the time it is rendered.

To illustrate, if an increase in the percentage of the allowance in cases falling within the influence of section 7562 is granted, there is no reason why the judgment when rendered should not provide for the abatement of this increase when the child "upon which the increase is based" passes the age limit of dependency. It is a duty resting upon the parties, as well as the court, to see that the judgment is moulded so as to preserve its integrity and finality and limit subsequent proceedings to the question of recovering the money awarded and applying it to the needs of the dependent.

The writ of certiorari is denied at the cost of the petitioner.

All the Justices concur, except GARDNER, J., not sitting.