(135 So. 455)

## DAVIS v. BIRMINGHAM TRUSSVILLE IRON CO.

### 6 Div. 915.

Supreme Court of Alabama.

June 18, 1931.

Willard Drake, of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

BROWN, J.

On March 30, 1929, the appellant, while in the employ of the Birmingham Trussville Iron Company, by accident arising out of and in the course of his employment, received a personal injury.

On account of this injury the employer paid to appellant $189 as compensation for approximately fourteen weeks, being at the rate of $13.50 per week, and then declined to pay more.

Thereafter, on September 19, 1929, appellant filed a suit in the circuit court of Jefferson county, alleging that, in consequence of such injuries, he had been totally and permanently disabled from earning a livelihood. The case was brought to trial on January 14, 1930, and he was awarded a judgment of $722.-80, in addition to what had been paid to him, for total temporary disability, requiring $371 of this sum to be paid immediately, and the balance to be paid at the rate of $27 every two weeks. The case in which said award was made was designated as "Cause No. 59452."

It is conceded one of the contested facts in that case was, whether or not the disability resulting from the injury was temporary or permanent.

On September 11, 1930, the appellant filed another suit, designated on the docket as "Cause No. 67583," alleging, among other

things, that his earning capacity was permanently impaired 75 per cent., and claimed compensation therefor. The complaint was subsequently amended, alleging that, at the time of the award in the former proceedings, the plaintiff's injuries were of such character "that it was impossible to discover the full extent thereof, whether the same would result in a total permanent incapacity, or total temporary incapacity," and prayed for an additional award of $2,151.20 for permanent partial disability.

The defendant filed a demurrer to the complaint as amended; taking the point that it is not alleged in the complaint that the award in the first case was the result of a settlement between the parties under section 7550 of the Code, and construing the averments of the complaint most strongly against the pleader, they show that the proceedings in cause No. 59452 were under section 7578 of the Code, and the conclusions and judgment therein are conclusive as to the character and extent of plaintiff's injuries, and the court was without jurisdiction to re-examine the facts and award additional compensation in the absence of fraud in the procurement of the judgment in that case.

The demurrer was sustained, the plaintiff suffered nonsuit, and has appealed.

His (plaintiff's) contention here is that under the provisions of section 7574 of the Code, which provide that:

"All amounts paid by the employer and received by the employe or his dependents under settlements made under section 7549 [this undoubtedly meant to refer to section 7550] shall be final; but the amount of any award payable periodically for more than six months may be modified as follows:

"(a) At any time by agreement of the parties, and approved by the court.

"(b) If the parties cannot agree, then at any time after six months from the date of the award, an application may be made to the court by either party on the ground of increase or decrease of incapacity due solely to the injury. In such case, the same procedure shall be followed as in section 7578, in case of disputed claim for compensation,"
—the court was authorized to re-examine the facts and award additional compensation.

■■ The quoted section applies only to settlements made between the parties and approved by the court under § 7550, and the proceedings to determine the compensation in the first suit, designated as "cause No. 59452," were clearly authorized by said section 7574, and were brought and prosecuted under the provisions of section 7578, and became adversary proceedings, and the conclusion of the trial judge and the judgment entered in ac-

cordance therewith are made, by the statute, conclusive between the parties. This is clear from the provisions of section 7571, which provide, inter alia, *"The decision of the judge hearing the same shall be conclusive and binding between the parties,* subject to the right of appeal in articles 1 and 2 of this chapter provided for;" and section 7578, which provides: "This determination shall be filed in writing, with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge. *Subsequent proceedings thereon shall only be for the recovery of moneys thereby determined to be due.*" (Italics supplied.) Central Iron & Coal Co. v. Coker, 217 Ala. 472, 116 So. 794; Sloss-Sheffield Steel & Iron Co. v. Lang, 213 Ala. 412, 104 So. 770.

The demurrers were, therefore, properly sustained, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.