*165 So. 108*

### Ex parte JOHNSTON.
### I Div. 892.

Supreme Court of Alabama.
Dec. 19, 1935.

Rehearing Denied Jan. 23, 1936.

Arthur J. Kearley, of Mobile, for petitioner.

Gordon, Edington & Leigh, of Mobile, for respondent.

BROWN, Justice.

By an adversary proceeding instituted in the circuit court by the petitioner on June 24, 1933, as authorized by section 7578 of the Code 1923, he was, on October 18, 1933, by a judgment of the circuit court, awarded compensation for temporary total disability, as provided by section 7551, subsections (a) and (h), amounting to 60 per cent. of his weekly earnings; $12.-60 for a period of 300 weeks, "until the total sum of $3,780.00 * * * shall have been paid; or should the disability sooner terminate before the expiration of the said 300 weeks' period by operation and/or further treatment, then in that event compensation shall then cease and determine at such period." From that judgment, on November 7, 1933, the employer, Ingersoll, appealed, and on November 29, 1933, as appears of record here, dismissed his appeal.

On April 25, 1935, said Ingersoll filed a motion in the circuit court alleging "that he has paid in accordance with the said judgment, and that now he has been advised, and so states, that the disability of the plaintiff *has terminated* and that he should not be called upon to make further payments under the said decree." (Italics supplied.)

The circuit court, upon the hearing of the motion, as the order recites, " * * * The Court *being satisfied from such testi-mony* [that is, testimony given on the hearing of the motion] that the plaintiff was not suffering from a total disability, but that he was suffering from only a permanent partial disability, and the Court being of the further opinion, from said evidence in said cause, that the defendant has already paid to the plaintiff an aggregate amount as compensation for his disability equal to or more than he would be entitled to under the law for such permanent partial disability," granted the motion.

From the foregoing statement, it appears that the circuit court, more than 18 months after the rendition of its final decree, on motion of the defendant, undertook to re-examine the facts and redetermine the character of plaintiff's injuries and the degree of his disability. This, the circuit court was without authority to do; the findings of the original judgment as to the extent and nature of the injuries were conclusive. Davis v. Birmingham Trussville Iron Co., 223 Ala. 259, 135 So. 455; Central Iron & Coal Co. v. Coker, 217 Ala. 472, 116 So. 794.

If the employer was of opinion that the conclusion of the court on the first hearing was erroneous, he should have persisted in his appeal to have the judgment reversed or corrected, as was done in Ex parte A. Diniaco & Bros. et al., 207 Ala. 685, 93 So. 388; Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377; Tuscaloosa Compress Co. v. Hagood, 229 Ala. 284, 156 So. 633.

The retention of the cause on the docket by the original judgment "for such further and necessary orders *as may be mete and proper* in the premises" could not, in the face of the statutes, sections 7571 and 7578, declaring that "the decision of the judge hearing the same shall be conclusive and binding between the parties, *subject to the right of appeal* in articles 1 and 2 of this chapter provided for. * * * Subsequent proceedings thereon shall *only* be for the recovery of moneys thereby determined to be due," authorize a re-examination of the facts and the fixation of a different basis of liability. (Italics supplied.)

The writ of certiorari is therefore granted; the order and judgment of the circuit court of date July 3, 1935, is quashed and held for naught.

Writ granted; judgment of the circuit court of July 3, 1935, quashed.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.