This is a petition by complaint in a suit under the Workmen's Compensation Act (Code, § 7534 et seq.) to review a judgment of nonsuit induced by a ruling of the circuit court on demurrer holding that this suit could not be maintained because of a prior final judgment in a suit between the same parties on the same cause of action. The details of the two suits and prior judgment are fully set out in brief of petitioner, which is hereby adopted as the statement of facts and which appear in the report of the case.
The judgment of a court of competent jurisdiction is the final word between parties to a controversy, and settles everything within the issues raised by the pleadings, and remains such until modified by the court or reversed by a higher tribunal, and is a bar to another action between the same parties for the same subject-matter. Flynn-Harris-Bullard Co. v. H. M. Hampton, 70 Fla. 231, 70 So. 385; 34 Corpus Juris, 507 (805) B; 34 Corpus Juris, 875 (1285) 2.
This is as it should be, that there be an end to litigation. The court in this case had all the parties before it, the subject-matter of the suit, the evidence of the injury, the extent thereof, and the amount of compensation to be awarded under the statute. Under the pleading and proof, judgment was rendered, which under section 7578 of the Code of 1923 became a final adjudication of all the questions within the pleadings.
The amount awarded by the court was definite and was paid and accepted by petitioner. Under section 7571 of the Code of 1923, this finding and award was conclusive and binding between the parties subject to the right of appeal, as provided by statute. If petitioner was not satisfied with the judgment rendered in the case set up in respondent's plea, he had his remedy by motion to modify the judgment or by appeal. Failing in this, the judgment rendered is a bar to further suit based upon the same injury. Davis v. Birmingham Trussville Iron Co., 223 Ala. 259,135 So. 455; Ex parte Johnston, 231 Ala. 458, 165 So. 108.
It is insisted, however, that the judgment pleaded in bar was only an adjudication of the compensation due to the *Page 145 
date of judgment, and that future compensation was expressly not included, as being too speculative. This does appear from the finding of fact, but the pleadings in that case were broad enough to bring within the issue the extent of petitioner's injuries and their probable duration, and it was the duty of the court to have so ascertained. Failing in this, the decree was erroneous, and on appeal would have been reversed. The inquiry is not what the parties actually litigated, but what they might and ought to have litigated. Wood v. Wood, 134 Ala. 557,33 So. 347; Drinkard v. Oden, 150 Ala. 475, 43 So. 578. The cause of petitioner's action is his injury, and the compensation due thereon may not be split up into separate suits. Crowson v. Cody, 215 Ala. 150, 110 So. 46. The amount of damages and the time of payment is to be fixed by the court within the limits of the statute, section 7551, Code 1923, determinable in the adversary proceedings brought under sections 7571 and 7578 of the Code of 1923. By the express terms of this last-cited section of the Code, "the decision of the judge hearing the same shall be conclusive * * * between the parties, subject to the right of appeal in articles 1 and 2 of this chapter provided for * * * subsequent proceedings thereon shall only be for the recovery of moneys thereby determined to be due." In view of this provision of the statute, our Supreme Court in Ex parte Johnston,165 So. 108,[1] refused to recognize an order of the trial judges retaining the cause on the docket "for such further and necessary orders as may be mete and proper in the premises."
It must be borne in mind that the decision in this case is based upon an adversary proceeding under section 7578, Code 1923 and is not intended as a construction of the rights of the parties under Code 1923, § 7550, which provides for an agreement between the parties within certain limits fixed therein.
The writ is denied, and the judgment is affirmed.
Affirmed.
[1] 231 Ala. 458.