171 So. 630

**Ex parte STATE ex rel. RUSH.**

**7 Div. 401.**

Supreme Court of Alabama.

Nov. 19, 1936.

Rehearing Denied Jan. 14, 1937.

Longshore & Williams, of Anniston, for petitioner.

· W. H. Sadler, Jr., of Birmingham, for respondent.

BROWN, Justice.

The petitioner, Mose Rush, as appears on the face of the return to the writ of certiorari, was on the 21st day of May, 1936, by a final judgment of the circuit court of Calhoun county, awarded compensation for an· injury received in an accident arising out of and in the course of his employment by Monsanto Chemical Company, resulting in hernia which did not exist prior to the accident; the court finding as of fact that in consequence of said injury the plaintiff, petitioner here, at the time of the trial, was "and has been since the 30th day of December, 1935, totally disabled, and that under the provisions of the Workmen's Compensation Act of Alabama, he is entitled to compensation at the rate of $6.60 per week during the time of his disability, not to exceed 300 weeks."

On the trial the defendant denied that the plaintiff, petitioner here, suffered such injury, and asserted, in the alternative, that, if he did, he "was not disabled for so long a period as two weeks, consecutively, and accordingly is not entitled to compensation as provided in section 7566 of the Code. * * * That the complainant did not * * * give or cause to be given to the employer written notice of the accident and was not prevented from doing so by reason of physical or mental incapacity, fraud, deceit or any other equally good reason"; demanded strict proof of the facts essential to be shown under section 7551, subsection (f) of the Code 1923, and further pointed out "that the complainant has refused to undergo an operation for said hernia and does not suffer from some chronic disease nor is he otherwise in such physical condition that the Court may consider it unsafe for him to undergo such operation; and is accordingly not entitled to compensation, as provided in section 7551 (f) of the Code."

In respect to this subdivision of defendant's answer, the court found and stated the following facts: "* * * That the defendant has not offered to the plaintiff any medical attention other than the one visit by Dr. G. K. Stearmen on the 30th day of December, 1935, and two examinations made within ten days subsequent to December 30, 1935, and that the defendant has not offered to furnish the plaintiff an operation for the cure of said hernia."

The defendant, on May 25, 1936, filed with the clerk of the court a motion that the court "require the complainant Mose Rush to be treated in a surgical manner by radical operation for the purpose of correcting the injury complained of." The motion was accompanied with an offer by

the defendant "to pay the cost of such operation to the extent and within the limits provided in the Compensation Law of Alabama."

On June 8, 1936, after hearing, the court, over due protest of plaintiff, granted the said motion, and ordered "that the plaintiff, Mose Rush, be treated in a surgical manner by radical operation for the purpose of correcting the injury complained of, and for which compensation was awarded in this matter by decree filed May 21, 1936.

"And it is further ordered, adjudged and decreed by the court that such treatment be begun and such radical operation be had within ten days from this date, and if plaintiff fails or refuses to be treated in a surgical manner by radical operation within said ten days' period, then in that event the plaintiff shall not be entitled to compensation beyond that accrued to the date of this decree.

"It having been made known to the court in open court that the plaintiff, while not agreeing to such operation in any event, makes no objection to the suitableness and fitness of Dr. C. Hal Cleveland and Dr. N. E. Sellers as competent and fit physicians to perform such operation, it is ordered that the plaintiff submit to such operation by these doctors and that all cost of such operation, within the limit authorized by law, be paid by the defendant herein. The plaintiff reserves an exception to this decree."

The petition here is for writ of mandamus to compel the circuit court to vacate said order of June 8, 1936, and, in the alternative, for writ of certiorari to quash the same. Certiorari is the appropriate remedy, if the court was without jurisdiction to enter the order of June 8, 1936. Ex parte Johnston, 231 Ala. 458, 165 So. 108.

The motion filed May 25th was neither a motion "to set aside the judgment or decree" nor "a motion for a new trial" within the meaning of section 6670 of the Code 1923. The order entered in response to the motion in no way modified the final judgment previously entered.

The defense asserted by the sixth paragraph of the defendant's answer was properly to be considered on the trial, before final judgment, and was so consid-

ered and determined against the defendant employer, and under our statute cannot be reasserted unless the final judgment is first set aside, or a new trial awarded. The circuit court exhausted its jurisdiction in respect thereto when it entered the final judgment, in the absence of a motion to set that judgment aside or grant a new trial. Gulf States Steel Co. v. Cross, 214 Ala. 155, 106 So. 870; Woodward Iron Co. v. Vines, 217 Ala. 369, 116 So. 514; Central Iron & Coal Co. v. Coker, 217 Ala. 472, 473, 116 So. 794; Davis v. Birmingham Trussville Iron Co., 223 Ala. 259, 135 So. 455; Ex parte Johnston, 231 Ala. 458, 165 So. 108.

The other questions argued are not presented on this hearing.

The writ of certiorari is granted; the order of the circuit court entered on the 8th day of June, 1936, is quashed and held for naught.

Writ granted.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.