189 So. 730
**FORD v. CRYSTAL LAUNDRY CO., Inc.**
**6 Div. 463.**

Supreme Court of Alabama.
May 18, 1939.

Rehearing Denied June 22, 1939.

Edw. deGraffenried, of Tuscaloosa, for appellant.

Livingston & Livingston, of Tuscaloosa, for appellee.

FOSTER, Justice.

This is a certiorari in a compensation case. The trial court found that plaintiff was injured by accident arising out of and in the course of her employment (though not using that language). Chapter 287, Code. This occurred on April 29, 1937, and the court further found that she was incapacitated "for a period of time not exceeding eighty-seven weeks," extending from April 29, 1937 to December 31, 1938, the date of the judgment, and rendered a judgment for the balance then due of $372, being at the rate of $5 per week up to that date, less what had already been paid.

The effect is to find that she had been suffering from a temporary total disability for eighty-seven weeks extending to the date of the judgment, but not thereafter.

This finding of the court must be sustained if it has support in the evidence. One aspect of the evidence is that plaintiff was at the time of the trial totally disabled from doing her work, and that such disability was not likely to be relieved in the immediate future.

Upon the basis of a finding in accordance with that view, the court should make some estimate from the evidence as to its probable duration and fix the compensation to be payable until such estimated time, not exceeding the maximum. For it must be borne in mind that once it has been fixed by the judgment of the court it cannot be reopened on account of a change in the condition of plaintiff, which may thereafter occur. Ex parte Johnston, 231 Ala. 458, 165 So. 108; Davis v. Birmingham Trussville Iron Co., 223 Ala. 259, 135 So. 455; Ex parte Carlisle, 27 Ala.App. 142, 168 So. 598.

Another aspect of the evidence is to the effect that she had prior to the trial been relieved of her disability.

We recognize the difficulty of being able to fix a day to which total disability extended but did not continue even partially thereafter. Temporary total disability is usually followed by partial disability either temporary or permanent. This Court has construed the Workmen's Compensation Law in both situations. Tennessee Coal Iron & R. Co. v. Shelby, 214 Ala. 87, 106 So. 499; Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377; Doullut & Ewin v. Seabury, 217 Ala. 285, 116 So. 134.

However it may have occurred that a total disability extended to a definite time when thereafter the person was able to carry on his job to its full extent. When so, the judge must fix that date not extending beyond the maximum period.

In doing so, he fixed the day of the trial as the one which meets those conditions. While neither aspect of the evidence was to that effect, he was not bound to accept either, since they were expressions of expert opinion, which were conflicting. He can be aided by such evidence, but in arriving at a conclusion he must consider all the evidence and interpret it according to his own best judgment.

When so considered, we cannot declare that there is no basis for such interpretation as the judge here made of the evidence.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.