8 So.2d 833
**SLOSS SHEFFIELD STEEL & IRON CO. v. NATIONS.**

6 Div. 45.

Supreme Court of Alabama.
June 18, 1942.

Hugh A. Locke and Andrew W. Griffin, both of Birmingham, for appellee.

Kingman C. Shelburne and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

BROWN, Justice.

The appellee, Nations, while in the employ of appellant on November 22, 1935, received an injury by accident arising out of and in the course of his employment and on September 8, 1936, filed an adversary proceeding under the Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq., seeking a judgment for compensation. The employer in its answer asserted that the injury proximately resulted from the wilful violation of a rule of the employer, and demanded a trial by jury. The case was tried on this issue resulting in a verdict for the plaintiff on July 3, 1937.

The circuit court thereupon, after ascertaining the workman's average weekly earnings and the number of the workman's dependents consisting of a wife and six children, entered the following judgment: "It is further ordered, adjudged and decreed that the plaintiff have and receive of the defendant weekly compensation at the rate of 65% of $22.73, or the sum of $14.77 per week for a period of three hundred weeks from November 22, 1935, *unless plaintiff's total disability shall sooner terminate.*" [Italics supplied.]

From this judgment the defendant prosecuted an appeal to this court resulting on

October 3, 1938, in an affirmance of that judgment. Sloss-Sheffield Steel & Iron Co. v. Nations, 236 Ala. 571, 183 So. 871, 119 A.L.R. 1403.

No point was made on the appeal that the circuit court failed to determine the character and extent of the total disability.

After paying the weekly award for 266 weeks, up to December 31, 1940, the defendant refused to make further payment, and the plaintiff moved the court to ascertain the balance due and prayed the issuance of execution. The defendant made motion to strike which was overruled, after which it answered, setting up in effect that the workman had only suffered the loss of one leg, and otherwise had recovered. The court, after hearing the evidence, reluctantly but "deferentially" following the holding of this court in Ex parte Johnston, 231 Ala. 458, 165 So. 108, declined to reopen the controversy, ascertained the balance due and ordered execution to issue.

 In Central Iron & Coal Co. v. Coker, 217 Ala. 472, 116 So. 794, 795, it was observed: "The record in this case shows that the litigation, in respect to the compensation awarded, has been carried on by repeated applications to modify the judgment of the court through and beyond the entire period of 300 weeks, more than 5 years, and this leads us to observe that the dominant purpose of the Compensation Law is to provide, in a measure, compensation for the injury suffered, when it is most needed, and without the delays incident to protracted litigation in the ordinary action at law. To lose sight of this dominant purpose, in its administration, by allowing the litigation to be prolonged, destroys the spirit of the statute and emasculates its controlling virtue. The statute makes the judgment of the circuit court final and conclusive between the parties, and declares that 'subsequent proceedings thereon shall only be for the recovery of moneys thereby determined to be due.' Code, §§ 7571, 7578 [Code 1940, Tit. 26, §§ 297, 304]. And there is no reason why the judgment should not be so moulded as to fully settle and determine all of the rights of the parties at the time it is rendered."

This was reaffirmed in Ex parte Johnston, supra; Davis v. Birmingham Trussville Iron Co., 223 Ala. 259, 135 So. 455, and in Ford v. Crystal Laundry Co., Inc., 238 Ala. 187, 189 So. 730.

In Davis v. Birmingham Trussville Iron Co., supra, it was held that the proceeding authorized by § 7574 of the Code of 1923, now § 300, Title 26, Code of 1940, only applied to settlements made by agreement of the parties, with the approval of a Judge of a court, under § 7550, Code of 1923, § 278, Code of 1940, Title 26.

This result was foreshadowed by the utterance in Ex parte Central Iron & Coal Co., 212 Ala. 367, 368, 102 So. 797, 798: "As to the amount of compensation, it may be conceded (though not necessary to be here decided) that, once having been fixed, it could only be subsequently changed as provided by the statute." And in Sloss-Sheffield Steel & Iron Co. v. Lang, 213 Ala. 412, 104 So. 770, 771, it was said: "The judgment is therefore given finality by the statute, except in the case there provided for the enforcement and collection of same." See Burger-Phillips Co. v. Phillips, 234 Ala. 563, 176 So. 181.

These cases construing and applying these statutes were all decided before their readoption into the Code of 1940, and this should put at rest any question of their soundness. Spooney v. State, 217 Ala. 219, 115 So. 308.

The judgment of the circuit court is therefore due to be affirmed.

Affirmed.

All Justices concur, except KNIGHT, J., not sitting.