29 So.2d 125

**TOMBRELLO COAL CO. v.
FORTENBERRY.
6 Div. 526.**

Supreme Court of Alabama.
Feb. 6, 1947.

Benners, Burr, Stokely & McKamy, of Birmingham, for appellant.

Beddow & Jones and G. Ernest Jones, Jr., all of Birmingham, for appellee.

GARDNER, Chief Justice.

In an adversary proceeding in the circuit court of Jefferson County, J. F. Fortenberry, an employee of the Tombrello Coal Company, a corporation, was awarded compensation for injuries claimed to have been received while digging coal in the defendant's mine.

The trial judge made a full finding of the facts and the following portion of the judgment rendered is here pertinent: "From the foregoing the court finds both parties subject to the Workmen's Compensation Act on January 4, 1946, and that plaintiff was injured while in the discharge of his duties as a coal miner by defendant on January 4, 1946, and that his injuries consisted of a compression fracture of the first lumbar vertebrae and that said injury totally disabled plaintiff from said date to August 2, 1946; that plaintiff is entitled to compensation at the rate of 65% of his average weekly earnings amounting to $12.66 from January 4, 1946, to August 2, 1946, or 29 weeks, amounting to $367.14 and all of which is now due; that plaintiff is further awarded compensation at the same rate as long as his total disability continues, for the period limited by the Compensation Law; that should plaintiff's disability be determined in the future by the court or the parties to be less than total disability, then said compensation shall be decreased in proportion to said decrease of disability; that plaintiff shall submit to examination by defendant's doctor at any reasonable time and place requested; that plaintiff is awarded $150.00 for medical services to be paid to Dr. W. G. Thuss; that plaintiff's attorney, G. Ernest Jones, Jr., be awarded a fee of $55.07 to be paid direct to him out of accrued compensation; plaintiff's attorney is further allowed a fee in an amount equal to ten per centum of the compensation ordered to be paid direct to said attorney and deducted from the compensation benefit hereafter paid."

Compensation amounting to $367.14, found to be due as of the date of the judgment, August 6, 1946, was duly paid. But upon defendant's declination to continue the weekly payments beyond that period, on October 16, 1946, Fortenberry moved the court to correct the original judgment nunc pro tunc, so as to eliminate any supposed ambiguity in regard thereto. Title 7, §§ 566, 567, Code 1940. The motion was granted. The effect of it was to strike the general language of the original judgment awarding "Compensation at the same rate as long as his total disability continues, for the period limited by the Compensation Law," and to substitute in lieu thereof the following: "That plaintiff is further awarded compensation for total disability at the rate of $12.66 per week from August 6, 1946 for 371 weeks, pro-

vided, however, the defendant may require plaintiff to submit to physical examination at any reasonable time to determine whether plaintiff has a lesser degree of disability, and may present evidence to the court of such lesser disability upon proper notice to plaintiff."

■ It is clear enough that the amendment of the original judgment merely made definite the weekly allowance, as well as the remaining number of weeks for the compensation to be continued. Supported as it was, therefore, by the record as shown by the original judgment the amendment nunc pro tunc was justified.

The limitation fixed by the compensation law was well known. Title 26, § 279, par. (E), Code 1940. Indeed, we are not prepared to say the original judgment itself was insufficient.

■ Of course, it is well understood our statute (Title 7, § 567, Code 1940) expressly authorizes the amendment of final judgment for clerical errors, and our decisions are to the effect that such amendment nunc pro tunc is available to correct a clerical error of the judge, as well as that of the clerk of the court. Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74. See also Hastings v. Alabama State Land Co., 124 Ala. 608, 26 So. 881; A. G. Story Mercantile Co. v. McClellan, 145 Ala. 629, 40 So. 123.

■ We recognize the rule that nunc pro tunc amendments should never be the means of modifying or enlarging a judgment so that it would express something which the court did not pronounce, even though such amendment embraced matters that should have been clearly pronounced. Illustrative cases are Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 So. 640; Gardner v. State, 21 Ala.App. 388, 108 So. 635; A. G. Story Mercantile Co. v. McClellan, supra.

The contention of the coal company is rested upon the theory that the original judgment entered August 6, 1946, was final and conclusive. Title 26, §§ 297, 304, Code 1940. And, that the amended judgment being rendered, as it was, after the lapse of more than thirty days after the date of the original judgment, was not justified,

even under the general statute (Title 13, § 119, Code 1940) which prescribes finality of judgments after the lapse of thirty days. But, as we have observed, the record evidence of the original judgment was sufficient to authorize the amendment nunc pro tunc, and of consequence the argument as to finality of judgments is inapplicable.

By the original judgment the court not only awarded compensation which had accrued to the date of its rendition; but, also, awarded the plaintiff further compensation at the same rate and for the period permitted by the compensation law so long as his total disability continued. Under our decisions the provision as to the matter of continuance of the disability and the reopening of the hearings upon that question was unauthorized by our statute. True, there is a provision in our statute for reopening of the question of increase or decrease in any capacity due solely to an injury (Title 26, § 300, Code 1940), but our decisions are to the effect that this statute applies only to judgments entered under settlements between the parties and not to adversary proceedings, such as are here involved.

In Sloss Sheffield Steel & Iron Co. v. Nations, 243 Ala. 107, 8 So.2d 833, 834, there was in the judgment a similar conditional provision as follows: "Unless plaintiff's total disability shall sooner terminate." The court declined to give effect to this conditional provision and approved the ruling of the court below, declining to reopen the controversy upon the defendant's petition that the disability had ceased. The opinion called attention to the decision in Central Iron & Coal Co. v. Coker, 217 Ala. 472, 116 So. 794, 795, where it was observed that "the dominant purpose of the Compensation Law is to provide, in a measure, compensation for the injury suffered, when it is most needed, and without the delays incident to protracted litigation in the ordinary action at law. * * *. The statute makes the judgment of the circuit court final and conclusive between the parties, and declares that 'subsequent proceedings thereon shall only be for the recovery of moneys thereby determined to be due.'" This case was re-affirmed in Ex parte Johnston, 231 Ala. 458, 165 So. 108, 109.

In the Johnston case there was a like provision for re-examination of the question as to the continuance of the disability. There the defendant, also, sought to show that the disability had terminated. The trial court upon a hearing determined that in fact the motion was well taken and granted defendant relief. The conclusion of the court may be found in the following excerpts from the opinion: "From the foregoing statement, it appears that the circuit court, more than 18 months after the rendition of its final decree, on motion of the defendant, undertook to re-examine the facts and redetermine the character of plaintiff's injuries and the degree of his disability. This, the circuit court was without authority to do; the findings of the original judgment as to the extent and nature of the injuries were conclusive." It was further pointed out in that opinion that if the employer was of the opinion that the conclusion of the court on the first hearing was erroneous, he should have persisted in his appeal to have the judgment reversed or corrected.

In the instant case defendant prosecuted no appeal, but rested content upon the original judgment of the court.

 The effect of these decisions is that the condition in the original judgment, as well as in the amended judgment, for re-examination as to the extent and nature of the employe's injuries, was ineffective, and is to be so treated on collateral attack. This unauthorized condition, therefore, of the original judgment was subject to be corrected on review in this court, but does not affect the conclusive character of the original judgment as carried forward in the amendment awarding compensation upon the basis of total disability.

There are statutes in other states which permit a reopening of questions of this character in all cases. Such we interpret the decision of the Indiana court in Freund v. Allen, 98 Ind.App. 660, 184 N.E. 421, to be the effect of the Indiana statute. But as to adversary proceedings in this state our statute makes no such provision.

Disregarding, therefore, as we must, the ineffective conditional provision of the judgment rendered, the result is that the amendment nunc pro tunc was fully justified, as the original judgment contained ample record evidence of the finding or judgment of the court. We have treated the meritorious question in the case, and without reference to, or a consideration of, the matter of remedy.

It results, therefore, that the petition for a writ should be and is hereby denied.

Writ denied.

FOSTER, LAWSON and STAKELY, JJ., concur.