BRADLEY, Judge.
This is a workmen’s compensation case.
Employee, Gene 0. Miller, injured his back on July 16,1980 while working for his employer, Johnny Wayne Childers. Miller was hired in 1976 to drive a truck for employer’s logging operation. At the time of the accident, employee was cutting logs with a power saw while waiting for his truck to be loaded. The saw got caught in the log and jerked him over the log. After reporting the accident to Childers, Miller went to a doctor that evening. He was given a physical examination for back pain. Employee returned to the doctor on the next day and was given medication to relax the muscles and relieve the pain. Over several weeks, he was sent to various specialists for examination. The pain persisted.
Miller filed a workmen’s compensation complaint against his employer. Depositions were taken of the plaintiff and of one of the treating physicians. The deposed doctor’s examination of Gene 0. Miller revealed that Miller was suffering from degenerative disc disease with superimposed lumbar sprain. He stated that the degenerative disc disease existed prior to employee’s accident of July 1980. The final hearing was held on June 4, 1981 and the court issued its final judgment and decree on January 15, 1982. Employee was awarded temporary total disability in the amount of nineteen and one-half weeks at $56 per week for a total of $1,092. Permanent partial disability of five percent for two hundred seventy-nine and one-half weeks was awarded for a total of $783.62, with an attorney fee of $117.50. Medical expenses were also awarded. Employee appeals this award and contends that it is inadequate.
The employee raises two issues on appeal: (1) whether the trial court erred in failing to award temporary total disability up to the time of the trial; and (2) whether the *119 court erred in awarding only five percent permanent partial disability.
With regard to both issues, we note that this court is limited in the scope of review of workmen’s compensation cases to a determination of whether there is any legal evidence to support the judgment. Big B Discount Drugs, Inc. v. Parker, 401 So.2d 115 (Ala.Civ.App.1981). Our review of the record reveals evidence that does support the trial court’s judgment.
We note also that evidence was introduced at trial as to a work-related back injury the employee had received several years earlier while working in California. As a result of that accident, plaintiff underwent a prolonged course of treatment, including the application of a cast to his back. The plaintiff obtained a workmen’s compensation settlement in California for this prior back injury. Plaintiff testified in .the case at bar that he had fully recovered from the California work-related injury.
There is no indication in the trial judge’s decree, however, that the effect of appellant’s preexisting back problems, i.e., the degenerative disc disease and the prior back injury, were factors in his setting of the award. Moreover, the appellant has failed to raise on appeal whether the trial court improperly considered such factors. For a discussion of the effect preexisting medical conditions have on compensation awards, see section 25-5-58, Code 1975; Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967); and Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513 (1948).
As to the first issue, plaintiff asserts that the temporary total disability period is to continue until maximum improvement has been reached and in this case that period was greater than the nineteen and one-half weeks awarded.
The doctor stated, in the deposition introduced at trial, that he expected Miller to recover from his sprain. The doctor also testified that he last saw Miller in January 1981 and his condition had improved. Further, the doctor related that Miller had told him that he was walking four miles a day. Evidence was presented by Childers that plaintiff was observed holding a child and that he was also seen carrying a three gallon bucket of canned goods.
As to the fixing of temporary total disability, “the court should make some estimate from the evidence as to its probable duration and fix the compensation to be payable until such estimated time, not exceeding the maximum.” Ford v. Crystal Laundry Co., 238 Ala. 187, 189 So. 730 (1939); Champion Intern. Corp. v. Simmons, 398 So.2d 305 (Ala. Civ.App.1981). Since evidence was presented indicating that the plaintiff’s condition had improved and that he was once again able to perform such normal functions as holding his children and carrying a bucket, the court’s nineteen and one-half week temporary total disability is supported by the evidence.
In support of the second issue raised, i.e., that he suffered more than a five percent permanent partial disability as a result of his latest accident, plaintiff cites City of Enterprise v. Herring, 372 So.2d 358 (Ala. Civ.App.1979), a case in which the trial court awarded a sixty-five percent permanent partial disability when the medical evidence showed that the physical disability did not exceed ten percent. In affirming the award, we stated that testimony of physical disability is not the only determinative factor in reaching an award. Other factors to be considered include age, education and experience, since these factors affect employability. Plaintiff says that the court should have given more weight to the other factors, such as age, experience and education, in deciding the percentage of disability.
As previously stated, the standard of review in a workmen’s compensation case is whether there is any evidence to support the trial court’s findings of fact. We do not weight the testimony of witnesses or assess the weight of other evidence to determine whether the various factors necessary to be proved have been proved. That is the job of the trial court. Following this review standard, we note from the evidence that appellant has a fourth grade education; *120 that he has experience as a “set-up” man for an aluminum company, a bus driver, a truck driver, and as a worker in a machine .shop; and that his injury resulted in a sprain to the lumbar region of his spine from which injury he was expected to recover with no permanent injury. Based on this evidence and the other evidence in the record, we conclude that the trial court’s award based on a five percent permanent partial disability is supported in the evidence.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.