I respectfully dissent from granting the application for rehearing and granting the petition for a writ of prohibition. The case before us is distinguishable from Ex parte Johnston, 231 Ala. 458, 165 So. 108
(1935), and Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125
(1947), cited by the majority. The distinguishing feature of the case now before us is the language in Judge McDermott's order that, "the Court hereby expressly retains jurisdiction over this matter and reserves the right to modify this Order." Neither the trial court order in Johnston nor the trial court order in Tombrello uses the word "jurisdiction" and thereby puts the parties on notice that the order includes an express decision on the issue of jurisdiction.
Judge McDermott's order containing his decision on the issue of jurisdiction was either a final order a mere interlocutory order. If it was a final order, then the failure of Kimberly-Clark to appeal it allowed Judge McDermott's jurisdictional decision to become the law of the case, binding on the parties whether right or wrong. If, on the other hand, Judge *Page 183 
McDermott's express retention of jurisdiction rendered his order merely interlocutory, he may reassess the employee's disability because the case is still pending before him. Rule 54(b), Ala.R.Civ.P.