PITTMAN, Judge,
concurring specially.
The provision of the settlement agreement stating that Roberts was to receive $427 per week “as long as [Roberts was] permanently and totally disabled” was, in effect, merely declaratory of the employer’s right to reopen conferred by Ala.Code 1975, § 25-5-57(a)(4)b. Under Ex parte Kimberly-Clark Corp., 779 So.2d 178 (Ala. 2000), a trial court’s retention of jurisdiction to modify any award of permanent-disability compensation under the Act, other than to modify a permanent-total-disability award on a petition of the employer under § 25-5-57(a)(4)b., is improper. Moreover, the main opinion correctly, if implicitly, rejects Roberts’s contention that the trial court’s judgment is not final. The judgment, although improperly envisioning the initiation of new proceedings in the event of a change in Roberts’s medical condition, is final in that it “sufficiently ascertains and declares the rights of the *39 parties.” See Mike Makemson Logging v. Colburn, 600 So.2d 1049, 1050 (Ala.Civ.App.1992). I therefore concur in the main opinion.