PER CURIAM.
Joseph Jones, a resident of Mobile County, died on April 21, 2000. Joseph had executed a will; that will named his brother, Donald Jones, as executor, and his nephew, Jimmy Jones, as alternate executor. On March 6, 2001, Jimmy filed a petition in the Mobile Probate Court seeking to have Joseph’s will probated, to remove Donald as executor, and to appoint Jimmy as executor, and seeking an order requiring Donald or his lawyer to produce Joseph’s will for probate. Donald opposed Jimmy’s petition. Nevertheless, the probate court granted Jimmy’s petition, appointed Jimmy executor of Joseph’s estate, and ordered Donald or his lawyer to produce Joseph’s will. On April 16, 2001, the lawyer then representing Donald produced Joseph’s will to the probate court. On April 20, 2001, the probate court certified Joseph’s will for probate and issued letters testamentary to Jimmy. On June 22, 2001, Donald filed a motion to remove Jimmy as executor and to appoint Donald as executor; on July 24, 2001, Jimmy filed a motion to dismiss Donald’s motion. After a hearing, the probate court issued an order on August 29, 2001, denying Donald’s motion.
On October 10, 2001, Donald appealed to the Mobile Circuit Court from the probate court’s order of August 29, 2001. Jimmy moved to dismiss that appeal. Also on October 10, Donald filed in the probate court a claim against the estate. Donald claimed that he was entitled to the funds in various bank accounts that were in his, Joseph’s, and Frances Jones’s names; to $4,000, which Donald said he had advanced to the heirs of Joseph’s estate pursuant to Joseph’s will; to $600 in legal fees; to an antique sewing machine; to the deeds to his house and two lots in Brantley; and to the deed to property in Crenshaw County previously owned by another brother who was deceased. On October 17, 2001, Jimmy filed an objection to Donald’s claim.
After a hearing on November 26, 2001, the probate court transferred the estate proceeding to the Mobile Circuit Court for that court to consider Donald’s appeal from the probate court’s August 29, 2001, order denying his motion to remove Jimmy as the executor of the estate. The probate court reserved the authority to consider Donald’s claim against the estate and Jimmy’s objection to Donald’s claim. On December 28, 2001, the probate court entered an order; that order provides, in pertinent part, as follows:
“1. Claimant [Donald] has asserted a claim in this cause for: (a) the proceeds of two certificates of deposit at Whitney Bank in the sum of $20,888.00; (b) the proceeds of a savings account at Whitney Bank in the sum of $3,949.58; (c) the sum of $4,000.00 paid by Claimant from a checking account owned by the Decedent, Joseph Jones (‘Decedent’) as advances to the Decedent’s heirs and legatees in accordance with the Decedent’s last will and testament and not reimbursed to the Claimant; (d) the proceeds of a checking account maintained by the Decedent at Whitney Bank; (e) the sum of $600.00 paid by the Claimant *1122 to the Personal Representative [Jimmy] and other heirs of the Decedent for legal fees to initiate the probate of the Decedent’s last will and testament and this cause; (f) one Singer [brand] antique sewing machine once belonging to Claimant’s (and Decedent’s) mother; (g) deeds to Claimant’s home and two lots located in Brantley, Alabama; and (h) deed to 1.9 acres of land located in Cren-shaw County, Alabama.
“2. All of the bank accounts maintained by the Decedent at Whitney Bank were in the names of the Decedent, the Claimant and Frances Jones (mother of the Personal Representative).
“3. Prior to this cause being commenced, the Claimant obtained approximately one-half (]£) of the funds held in said certificates of deposit and bank accounts at Whitney Bank. Obviously, Claimant operated on his right as a signatory on these accounts in the same fashion as Frances Jones apparently did (according to the Claimant).
“4. Claimant alleges that Frances Jones was the agent or representative of the Personal Representative and/or the Estate. However, no evidence was submitted to support this allegation.
“5. The Personal Representative has not exerted any control over any funds held at Whitney Bank.
“6. The Court is of the opinion, and therefore concludes, that if Claimant has a claim against anyone in regards to the bank accounts at Whitney Bank, that person is Frances Jones, not the Personal Representative.
“7. It should be noted that ownership of remaining proceeds in the Decedent’s bank accounts that were at Whitney Bank has been the subject of litigation initiated by the Claimant against Frances Jones in the Circuit Court of Mobile County, Alabama (Case Number CV-2000-2616). The Circuit Court granted summary judgment in favor of Frances Jones and Frances Jones was determined to be the owner of the remaining proceeds of said accounts.
“8. The Court does not have jurisdiction over Frances Jones or her estate.
“9. The Court is of the opinion, and therefore concludes, that Claimant’s claims as they pertain to the bank accounts formerly maintained at Whitney Bank are due to be overruled and disallowed.
“10. It is undisputed that Claimant paid the sum of $4,000.00 to Frances Jones and the Decedent’s three (3) nephews. Claimant did this based upon the provisions of Article Two of the Decedent’s last will and testament. This payment occurred after the death of the Decedent and before this estate proceeding was commenced. The Claimant was not authorized to make said payment on behalf of the Estate.
“11. The Claimant has not requested return of the $4,000.00 from Frances Jones and the Decedent’s three (3) nephews.
“12. Notwithstanding the fact that the Claimant was not authorized to make the $4,000.00 payment and did so voluntarily, the Court is of the opinion, and therefore concludes, that it would be inequitable for the Claimant not to be reimbursed the amount paid or to have a claim for the amount paid.
“13. The Court is of the opinion, and therefore concludes, that the Claimant should seek the voluntary return of the $4,000.00 paid to Frances Jones and the Decedent’s three (3) nephews. If they fail to voluntarily return said sum of money to Claimant within thirty (30) days of the date of this Order, then the Claimant shall have a claim against the *1123 Estate for the amount not returned and a lien shall be impressed upon the Decedent’s real property to secure the payment of said amount. If Frances Jones and the Decedent’s nephews do not voluntarily return the said $4,000.00 (or only a portion thereof), Claimant shall file in this cause and in the real property recording division of the Court an affidavit substantiating the unpaid amount (not to exceed $4,000.00) and upon the filing of said affidavit as specified, Claimant shall have a lien on the Decedent’s former real property to secure the repayment of said amount.
[[Image here]]
“20. The Personal Representative testified that he had the deeds referenced in Claimant’s claim and that he would deliver possession of the deeds relating to Claimant’s home place to Claimant. The deed to property formerly belonging to Vaskil Jones was delivered by the Personal Representative to Claimant in open court.
“21. The Court is of the opinion, and therefore concludes, that the Claimant’s claims relating to the Vaskil Jones deed referenced in the Claimant’s claim is due to be overruled and disallowed.
“22. The Court is of the opinion, and therefore concludes, that the Personal Representative shall deliver possession of the deeds relating to the real property owned by Claimant within ten (10) days of the date of this Order, through their respective legal counsel.”
The probate court overruled and disallowed the remainder of Donald’s claim. On February 7, 2002, Jimmy appealed to this Court from the probate court’s order of December 28, 2001. That appeal was docketed as case no. 1010958.
On June 20, 2002, the circuit court dismissed Donald’s appeal from the probate court’s order of August 29, 2001. Also on June 20, 2002, the probate court dismissed a claim filed by Donald for reimbursement from Joseph’s estate of travel expenses he incurred in attending a hearing in the probate court on April. 17, 2001. On July 7, 2002, Donald appealed to this Court from that order. That appeal was docketed as case no. 1012186. On September 17, 2002, this Court consolidated the two appeals.
Both of these appeals are premature because the records before us do not indicate whether a final judgment has yet been entered as to this estate. The probate court’s December 28, 2001, order, from which Jimmy appealed, provides that Donald is to seek the voluntary reimbursement of the $4,000 from Frances Jones and his three nephews; provides that if Frances and his nephews do not voluntarily reimburse that amount, Donald must file an affidavit with the court substantiating the unpaid amount; and, finally, allows Donald to obtain a lien on real property formerly owned by Joseph upon the filing of that affidavit. The record does not indicate whether Frances or any of the nephews reimbursed any of the money to Donald, whether Donald ever filed the affidavit required by the court, or whether Donald ever obtained a lien on the property.
It is well settled that “[a]n appeal will not lie from an order or judgment which is not final.” Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala. 1978). See also Gilbert v. Nicholson, 845 So.2d 785 (Ala.2002). “An order is not final if it permits a party to return to court and prove more damages or if it leaves open the question of additional recovery.” Grantham v. Vanderzyl, 802 So.2d 1077, 1080 (Ala.2001). Here, the probate court’s order of December 28, 2001, leaves open the question of additional recovery regarding whether Donald will be able to obtain *1124 voluntary reimbursement of the $4,000 or whether he will be entitled to a lien upon the filing of the requisite affidavit. The nonfinal nature of the December 28, 2001, order is underscored by the fact that the circuit court entered an order in June 2002 in the estate proceeding after Donald had appealed an earlier order.
The probate court’s June 20, 2002, order, from which Donald appealed, merely dismissed a claim for travel expenses and clearly is not a final judgment that will support an appeal.
Because neither of the appeals before us was taken from a final judgment, both are due to be dismissed.
APPEALS DISMISSED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.