THOMPSON, Judge,
concurring in the result.
Recently, this court dismissed an appeal from an order in which the trial court reserved jurisdiction to modify the order upon a certain contingency. In Hubbard v. Hubbard, 935 So.2d 1191 (Ala.Civ.App.2006), after divorcing the parties, the trial court entered an order that disposed of all of the marital property but reserved jurisdiction to modify the property division in the event the husband did not comply with his bankruptcy plan and the wife became responsible for the marital debts. This court concluded that “[b]y retaining jurisdiction to modify the property division, the trial court necessarily did not effect a complete adjudication of all matters in controversy.” Hubbard v. Hubbard, 935 So.2d at 1193.
Before the current case was submitted to this court, Roberts filed a motion to dismiss Tenet Health’s appeal, arguing that the trial court’s May 9, 2005, order was not sufficiently final so as to support the appeal. On October 25, 2005, this court denied Roberts’s motion to dismiss. In her brief submitted to this court, Roberts again argues that the trial court’s May 9, 2005, order was not final, citing Jones v. Jones, 869 So.2d 1120, 1123 (Ala.2003), for the proposition that “ ‘[a]n order is not final if it permits a party to return to court and prove more damages or if it leaves open the question of additional recovery.’ ” (Quoting Grantham v. Vanderzyl, 802 So.2d 1077, 1080 (Ala.2001)).
The pertinent facts of this case appear to be similar to those of Hubbard v. Hubbard, supra. Both cases involve orders in which a trial court, in an otherwise final disposition of the issues, reserved jurisdiction to reconsider the case if circumstances existing at the time the order was entered were to change. Both eases appear to allow the parties “ ‘to return to court ... [and] leave[] open the question of additional recovery.’ ” Jones v. Jones, 869 So.2d at 1123. Therefore, I think it is incumbent on this court to address the issue whether the order in this case is sufficiently final so as to be capable of supporting an appeal. I conclude that it is sufficiently final to support the appeal, and I concur in the result.
In Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947), the trial court fashioned a workers’ compensation award but reserved jurisdiction to decrease the award should the plaintiffs degree of disability change. The trial court later amended the judgment in order to clarify that certain benefits were due, and it included in that amendment a slightly different reservation of jurisdiction to redetermine disability. Our supreme court denied the employer’s writ of certiorari seeking to challenge the amendment, apparently arguing that the amendment was an enlargement of the original judgment. Our supreme court disagreed, concluding that the employer had shown no error in that it had failed to appeal the original judgment.
Also, noting that the workers’ compensation statute then in effect did not allow for the reopening of a workers’ compensation judgment, the court concluded
“that the condition in the original judgment, as well as in the amended judgment, for reexamination as to the extent and nature of the employee’s injuries, was ineffective, and is to be so treated on collateral attack. This unauthorized condition, therefore, of the original judgment was subject to be corrected on review in this court, but does not affect *40 the conclusive nature of the original judgment as carried forward in the amendment awarding compensation upon the basis of total disability.”
Tombrello Coal Co. v. Fortenberry, 248 Ala. at 643, 29 So.2d at 127 (emphasis added). The court concluded that it must “disregard[ ]” the “ineffective conditional provision of the judgment.” Id.
Thus, in Tombrello Coal Co. v. Foitenberry, supra, the court determined that the provision purporting to reserve jurisdiction was ineffective as a matter of law because the workers’ compensation statute did not contain a provision allowing a trial court to reopen a judgment. In Hubbard v. Hubbard, however, there was no such legal impediment preventing the trial court from reserving jurisdiction to reconsider its determination upon a certain contingency.
The procedural facts of this case are similar to those of Tombrello Coal Co. v. Fortenberry, supra. Although an employer may reopen a workers’ compensation judgment based on a change in the injured employee’s condition, under the current Workers’ Compensation Act, an employee may not reopen a workers’ compensation judgment if his or her condition alters after the entry of that judgment. Therefore, the trial court’s purported reservation of jurisdiction to reconsider its determination should Roberts’s condition deteriorate was ineffective as a matter of law. See Tombrello Coal Co. v. Fortenberry, supra. The May 9, 2005, order constituted a final adjudication of all of the issues in controversy between the parties. Therefore, I conclude that the May 9, 2005, order supports the current appeal.