BRYAN, Judge.
Tenet Health System Medical, Inc. (“Tenet Health”), appeals a workers’ compensation judgment insofar as it purported to retain the trial court’s jurisdiction over the case to address any future changes regarding the disability of former Tenet Health employee Susan Roberts. We reverse the judgment insofar as it purported to retain the trial court’s jurisdiction over the case, and we remand the cause.
In June 1996, Roberts filed a complaint against Tenet Health seeking workers’ compensation benefits. Roberts’s complaint alleged that she had contracted hepatitis C in an accident while working for Tenet Health. The complaint further alleged that Roberts had suffered perma *36 nent disability as the result of her having contracted hepatitis C.
In December 1998, Roberts and Tenet Health entered into a settlement agreement regarding Roberts’s workers’ compensation claim. The settlement agreement provided, in pertinent part:
“In order ... to settle this claim which is disputed as to liability and as to the extent of [Roberts’s] injury, [Tenet Health] and [Roberts] have entered into a compromise settlement wherein [Tenet Health] has agreed to pay and [Roberts] has agreed to accept the sum of Four Hundred, Twenty-Seven and 00/100 Dollars ($427.00) per week as long as [Roberts] is permanently and totally disabled as defined by the Alabama Worker’s Compensation Act. Further, the parties agree that [Tenet Health] shall be responsible for future medical and surgical treatment and supplies directly relating to or arising out of [Roberts’s] accident and injury....”
(Emphasis added.) The settlement agreement was approved by the trial court in December 1998.
In February 2004, Tenet Health petitioned the trial court to reopen the case and to terminate Roberts’s workers’ compensation disability benefits. Tenet Health alleged that Roberts was “no longer permanently and totally disabled as defined by the Alabama Worker’s Compensation Act” and that, “in accordance with the Settlement Agreement, [Roberts’s workers’ compensation] benefits are due to be terminated.” The case proceeded to trial in February 2005.
On March 9, 2005, the trial court entered a judgment terminating Roberts’s workers’ compensation benefits. The trial court in its judgment found that Roberts had held several full-time jobs after leaving her employment with Tenet Health. The judgment stated, in pertinent part:
“The question before the court is not whether Ms. Roberts’[s] terrible disease has been cured. It has not. The question at this time is whether she has obtained gainful employment while receiving permanent total disability benefits .... It is clear that she has been fortunate enough to be able to work.
“Under these circumstances, it is clear that the law requires the court to order the termination of the periodic benefits. If [Roberts] again becomes totally disabled, the court will retain jurisdiction to reinstate the benefits to which she is entitled.
[[Image here]]
“The court retains jurisdiction over this case to address any changes in [Roberts’s] condition. [Tenet Health] remains responsible for all medical benefits arising from [Roberts’s] compensa-ble illness.”
Tenet Health timely appealed to this court. On appeal, Tenet Health argues that the trial court in its judgment erred by purporting to retain jurisdiction over the case. Tenet Health maintains that the trial court’s express retention of jurisdiction was “ineffective and contrary to settled Alabama law.” Because this appeal involves a purely legal issue, our review of the trial court’s judgment is without a presumption of correctness. See § 25-5-81(e)(1), Ala.Code 1975 (“In reviewing the standard of proof set forth herein and other legal issues, review ... shall be without a presumption of correctness.”).
Tenet Health argues that our supreme court’s opinion in Ex parte Kimberly-Clark Corp., 779 So.2d 178 (Ala.2000), warrants reversal in the present case. In Kimberly-Clark, the worker was injured within the line and scope of his employment when a pipe ruptured, causing a caustic substance to splash on the worker. *37 779 So.2d at 179. The caustic substance severely burned the worker’s skin and caused substantial injury to his eyes. Id. Following a hearing, the trial court found that the worker had suffered a 100% loss of use of his right eye and had suffered a permanent injury to his left eye, resulting in a partial loss of vision. Id. The trial court entered a judgment awarding the worker compensation for a 20% permanent partial disability. Id. The trial court’s judgment stated: “ ‘Given the clear potential for the condition of the Plaintiff to deteriorate and the fact the injuries of Plaintiff may ultimately result in permanent blindness, the Court hereby expressly retains jurisdiction over this matter and reserves the right to modify this Order.” ’ 779 So.2d at 179.
The worker later petitioned the trial court to modify its judgment and asked for permanent and total disability benefits. Id. The worker contended that the trial court had retained jurisdiction over the case and had reserved the right to modify the judgment. Id. After the trial court set a date for an evidentiary hearing, the employer petitioned this court, and later the supreme court, for a writ of prohibition directing the trial court not to hold the evidentiary hearing. 779 So.2d at 180. In analyzing the effect of the provision of the trial court’s judgment purporting to retain jurisdiction over the case, our supreme court stated:
“In language unique to Alabama, the original [workers’ compensation] act provided that the decision of the judge hearing the claim would be conclusive, 1919 Ala. Acts, No. 245, p. 206, at 224-25, § 24, and that any ‘[subsequent proceedings thereon shall only be for the recovery of moneys thereby determined to be due.’ 1919 Ala. Acts, No. 245, at pp. 227-28, § 28....
[[Image here]]
“In 1975, the Legislature amended § 24 of the original act to eliminate the power of the court unilaterally to modify settlements based on the postjudgment change of an employee’s condition, so that now a settlement may be modified only by agreement of the parties, with court approval. See § 25-5-84, Ala. Code 1975. At that time, the Legislature enacted a new provision allowing reopening of permanent-total-disability cases. See § 25-5-57(a)(4)b., Ala.Code 1975. This statute applies only when the employer petitions the trial court to reduce an award of permanent-total-disability benefits.”
779 So.2d at 180-81. In granting the petition and issuing the writ prohibiting the trial court from reopening the worker’s case in Kimberly-Clark, the supreme court concluded that “[i]t is for the Legislature, and not this Court, to create a remedy for reopening a judgment at the behest of the employee, as it has done for the employer through § 25 — 5—57(a)(4)b.” 779 So.2d at 182.
Tenet Health argues that Kimberly-Clark is controlling in the present case. As Kimberly-Clark points out, § 25-5-57(a)(4)b., Ala.Code 1975, provides that an employer, but not an employee, may petition the trial court to reopen a workers’ compensation judgment awarding or approving compensation for permanent and total disability. Section 25-5-57(a)(4)b. provides, in pertinent part:
“At any time, the employer may petition the court that awarded or approved compensation for permanent total disability to alter, amend, or revise the award or approval of the compensation on the ground that as a result of physical or vocational rehabilitation, or otherwise, the disability from which the employee suffers is no longer a permanent total disability and, if the court is so *38 satisfied after a hearing, it shall alter, amend, or revise the award accordingly.”
Roberts argues that Kimberly-Clark and § 25-5-57(a)(4)b. are not controlling in the present case because, Roberts says, the present case involves an underlying settlement agreement, the terms of which allow the case to be reopened to address changes in Roberts’s condition. The dis-positive issue is whether the language of the settlement agreement is sufficient to allow the trial court to retain jurisdiction to allow Roberts to reopen the case should her condition change.
The settlement agreement provided that Tenet Health would pay Roberts $427.00 per week for “as long as [Roberts] is permanently and totally disabled as defined by the Alabama Worker’s Compensation Act.” This provision of the settlement agreement anticipated that Roberts at some point might be found to be less than permanently and totally disabled. However, this provision does not address whether Roberts would be allowed to reopen the case in the event — as is the situation here — she were to be found by the trial court to be less than permanently and totally disabled. The settlement agreement does not expressly allow Roberts to reopen the case and, as Kimberly-Clark illustrates, there is no statutory authority allowing Roberts to do so under these circumstances. Therefore, the trial court erred in purporting to retain jurisdiction to allow Roberts to reopen the case.
As Roberts points out, hepatitis C is an incurable disease, and the possibility remains that she will someday be unable to obtain gainful employment due to the disease. Although we are sympathetic to her situation, we cannot construe the settlement agreement to include language that the agreement does not contain, and the Alabama Workers’ Compensation Act does not provide a remedy allowing Roberts to reopen her case under these circumstances. As our supreme court in Kimberly-Clark stated, “It is for the Legislature, and not this Court, to create a remedy for reopening a judgment at the behest of the employee, as it has done for the employer through § 25-5-57(a)(4)b.” 779 So.2d at 182. Accordingly, we reverse the trial court’s judgment insofar as it purported to retain the trial court’s jurisdiction over the case.
REVERSED AND REMANDED.
CRAWLEY, P.J., concurs.
PITTMAN, J., concurs specially, with writing.
THOMPSON, J., concurs in the result, with writing.
MURDOCK, J., concurs in the result, without writing.